**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COVET & MANE, LLC,

                        Plaintiff,

        v.

INVISIBLE BEAD EXTENSIONS, LLC,

                    Defendant.

21 Civ. 07740 (JPC)

**STIPULATION CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**

JOHN P. CRONAN, U.S.D.J.:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing this action, it is therefore hereby

ORDERED that any person subject to this Order shall adhere to the following terms:

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).   Such information may include corporate financial records, tax documents, client and prospective client information and electronic correspondence relating to the Parties' respective businesses.

2.3    <u>Counsel (without qualifier)</u>: Counsel of Record (as well as their support staff).

2.4    <u>Designating Party</u>: a Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person who has been retained by or is in consultation with a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>"ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    <u>Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party</u>: any party to this action, including all of its officers, directors, employees,

and Counsel of Record (and their support staffs).

2.11    Producing Party: a Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "ATTORNEYS' EYES ONLY."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    This Litigation: the case currently pending before the United States District Court for the Southern District of New York and styled as *Covet & Mane, LLC v. Invisible Bead Extensions, LLC.* This Litigation shall not include proceedings before another court, the United States Patent & Trademark Office, or any other venue regardless of any relation to This Litigation.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3

Any use of Protected Material at trial shall be governed by a separate agreement or order. Not later than 21 days before trial in This Litigation, counsel for the Parties agree to meet and confer concerning the use at trial of Protected Material.

4.       DURATION

Even after final disposition of This Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing and a court order approves the Parties' agreement or otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.       DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those materials, documents, items, or oral or written communications that qualify so that other materials, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that the Court deems to be clearly unjustified or that the Court deems has been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, subject to the procedures under the Federal Rules of Civil Procedure and the Southern District of New York Local Rules for proper sanctions practice.


5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each electronic image or page of a document containing Protected Material. The Producing Party shall make a document-level determination as to the appropriate confidentiality designation, if any, and that designation shall be applied to the entire document.  A Receiving Party may request in writing that a Producing Party identify which portions of any specific document are "Confidential" or "ATTORNEYS' EYES ONLY," identifying in that writing the specific document by its bates number or identifying number.  The Producing Party shall respond to any such request within five business days of receiving such a request.

A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed and treated as "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") to each electronic image or page of a document containing Protected Material. The Producing Party shall make a document-level determination as to the appropriate confidentiality designation, if any, and that designation shall be applied to the entire document.   A Receiving Party may request in writing that a Producing Party identify which portions of any specific document so produced are "Confidential" or "ATTORNEYS' EYES ONLY," identifying in that writing the specific document by bates number or identifying number.   The Producing Party shall respond to any such request within five business

days of receiving such a request.

      (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that when feasible the Designating Party will identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  Alternatively, a Designating Party may specify at the deposition that the entire transcript shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Within 21 days after receipt of the deposition transcript, a Designating Party may further specify and provide notice to the other party the testimony and exhibits that shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Within that period, any party may identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection at the deposition or within the 21 days after receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order.

      Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have been informed of the terms of this Order are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

      Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The party taking the deposition shall inform the court reporter of these requirements.

      (c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5.3     <u>Inadvertent Failures to Designate</u>. The inadvertent failure to designate or unintentional disclosure of qualified information or items does not, standing alone, constitute a waiver, in whole or in part, of the Designating Party's right to secure protection under this Order for such material or as otherwise contemplated pursuant to Fed. R. Evid. 502. Any information or document not initially designated as Protected Material, but which contains qualified information, may be so designated at a later time by advising all parties in writing.  In such event, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed and a failure to do so shall not preclude a later challenge.

6.2     <u>Meet and Confer</u>. The Challenging Party must first initiate a dispute resolution process by providing written notice of each designation to be challenged, identifying each item by bates number or identifying number, and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process of conferring directly (in voice to voice dialogue or via a written response to the Challenging Party's notice) within 5 (five) days of the date of service of notice.  In conferring, the Designating Party must explain the basis for its confidentiality designations, must reasonably consider the assertions of the Challenging party as to why the designation is challenged, and must indicate clearly whether any changes to designation will be made and when such changes will be made. If the dispute cannot be resolved after engaging in the meet and confer process, the parties may seek appropriate relief from the Court.

6.3.     <u>Judicial Intervention.</u>     If the Parties cannot resolve a challenge without court

intervention, the Parties shall comply with Paragraph 9 of the Civil Case Management Plan and Scheduling Order dated December 21, 2021 and the Individual Rules and Practices in Civil Cases referenced therein.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle This Litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When This Litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for This Litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for This Litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for This Litigation and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for This Litigation, and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew or is reasonably believed, in good faith, by counsel to have known the information.

7.3     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for This Litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for This Litigation and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A), and (2) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for This Litigation and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence;  (2) certifies that said Expert has signed the "Acknowledgment and Agreement To be Bound" (Exhibit A); and (3) attaches a copy of the

Expert's current resume or CV.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (preferably through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of receiving the written objection. If no agreement is reached, the Party seeking to prevent the disclosure to Designated Expert shall comply with the Civil Case Management Plan and Scheduling Order dated December 21, 2021 and the Individual Rules and Practices in Civil Cases referenced therein.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) not produce Protected Material during the 21 day time period for the Designating Party to seek a protective order as set forth below in this paragraph.

If the Designating Party seeks a protective order within 21 business days after receiving notification of the subpoena or court order, the Party served with the subpoena or court

order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the "Acknowledgment and Agreement To be Bound" that is attached hereto as Exhibit A.

10.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege, immunity or other similar protection, the production of said documents will not operate as a waiver of any privilege and the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

11.   MISCELLANEOUS

11.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

11.3   Filing Protected Material.

(a) All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and Rule 4 of Judge Cronan's Individual Rules and Practices in Civil Cases.  The parties will use their reasonable best efforts to minimize the filing of Protected Material under seal.  For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

(b) Unless otherwise ordered, a party seeking to file a Designating Party's Protected Material shall so advise the Designating Party fourteen (14) days in advance, specifying the precise portion of the Protected Material the party seeks to use, the general purpose thereof, and any redactions to which the party does not object. Within seven (7) days thereafter, the Designating Party may make an application to seal in accordance with Section 12.3(a) of this Order, indicating the portion or portions of the Protected Material it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

12.    <u>FINAL DISPOSITION</u>

Unless otherwise agreed between the Parties and so-ordered by the Court, within 30 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

SO STIPULATED AND AGREED:.


By: _____

**BARTON LLP**
Maurice N. Ross, Esq.
Laura-Michelle Horgan, Esq.
711 Third Avenue, 14th Floor
New York, NY 10017
mross@bartonesq.com
lmhorgan@bartonesq.com

*Attorneys for Plaintiff*
*Covet & Mane LLC*


By: _____

**MANDELBAUM  SALSBURG, P.C.**
Joel G. MacMull, Esq.
570 Lexington Avenue, 21st Floor
New York, New York 10022
Tel. (212) 776-1834
jmacmull@lawfirm.ms

**GURR BRANDE & SPENDLOVE, PLLC**
Robert D. Spendlove, Esq.
491 East Riverside Drive, 4B

13

St. George, Utah 84790
Tel. (435) 634-8889
spendlove@gbsip.com

*Attorneys for Plaintiff*
*Invisible Bead Extensions, LLC*

IT IS SO ORDERED.

DATED: March 3, 2022

New York, New York

Honorable John P. Cronan
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

                        Plaintiff(s),                    **NON-DISCLOSURE**
                                                         **AGREEMENT**
        - against -
                                                         ___ Civ._____(LAP)

                        Defendant(s).

       I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: