```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

COVET & MANE, LLC.                          :          21-cv-7740 (JPC) (RWL)

                              Plaintiff,     :

                                             :

              - against -                    :          **ORDER**

                                             :

INVISIBLE BEAD EXTENSIONS, LLC.              :

                                             :

                              Defendants.    :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**


              ORDER: As discussed during the conference held on May 11, 2022, via Microsoft

Teams, the Court is entering on ECF the unofficial transcript of the proceeding obtained

from the Teams application. This unofficial transcript is provided at the parties' request

for their off-the-record use. Any party who seeks relief from the Court based on a

transcript of proceedings must request and pay for an official court-reporter transcription.

Parties are instructed to review and adhere to Judge Lehrburger's individual rules and

practices.


                              SO ORDERED.


                              _____
                              ROBERT W. LEHRBURGER
                              UNITED STATES MAGISTRATE JUDGE


Dated: May 12, 2022
         New York, New York

Copies transmitted this date to all counsel of record.

00:00:00.000 --> 00:00:01.350
Judge Robert W Lehrburger
Alright so.

00:00:02.550 --> 00:00:16.020
Judge Robert W Lehrburger
We are here for covet and Maine LLC versus invisible Bead extensions, 21 CV 7740. We'll council for plaintiff. Please put in your appearance.

00:00:20.420 --> 00:00:21.230
Judge Robert W Lehrburger
You're on mute.

00:00:25.100 --> 00:00:35.880
Joel G. MacMull
Good afternoon, Your Honor, this is Joel McFall on behalf of Defendant. I am local council. With me is lead council, Mr Robert Spendlove and Mr. James Spendlove.

00:00:37.280 --> 00:00:38.870
Judge Robert W Lehrburger
Alright, welcome and.

00:00:38.420 --> 00:00:47.510
Laura-Michelle Horgan
My apologies, your honor. This is Laura, Michelle Horgan with me. Is my partner, Maurice Ross, and we are counsel for plaintiffs Covenant Maine LLC.

00:00:48.940 --> 00:00:49.440
Judge Robert W Lehrburger
OK.

00:00:52.360 --> 00:00:58.470
Judge Robert W Lehrburger
Alright, so we're here because of the discovery flare ups that have been occurring apparently.

00:01:09.390 --> 00:01:10.450
Judge Robert W Lehrburger
OK, great.

00:01:11.950 --> 00:01:42.080
Judge Robert W Lehrburger
Great. Welcome, Mr Turley. Alright, so as I said, we're here because of the various discovery disputes you've been having as reflected in your letters of ladder April. And I'm wondering if in between then and now, those issues have been resolved or to what degree. So who can tell me what? Why don't we start with IBEW who wrote the 1st letter on April 20th?

00:01:43.490 --> 00:01:52.780
Joel G. MacMull

Thank you. Your runner. Yes. Well, we have had, I believe in that interim period additional meet and confers it has been directed at.

00:01:54.220 --> 00:01:56.270
Joel G. MacMull
I guess that which we are.

00:01:57.680 --> 00:02:11.530
Joel G. MacMull
Our own discovery responses that is in so insofar as we've been able to attack that in our letter, it remains unresolved, and as of this moment, I think most of these issues, in fact all of them need to be addressed in some way or another with the Court.

00:02:12.970 --> 00:02:13.980
Judge Robert W Lehrburger
And Mr?

00:02:14.790 --> 00:02:20.900
Judge Robert W Lehrburger
As it's been love, do you have a different view organized? Oregon. I'm sorry. Who's who's speaking? Yeah.

00:02:19.040 --> 00:02:45.140
Laura-Michelle Horgan
Yeah, I can do it. Your yes, we were able to resolve a number of the issues that we had with IE responses in production, but there are several that we do need to address with the Court. I would also note that we provided a search terms to IDE and those search terms have not been run yet.

00:02:46.770 --> 00:02:47.500
Laura-Michelle Horgan
And.

00:02:47.580 --> 00:02:53.240
Laura-Michelle Horgan
Uh, we can address the open issues. You know, you're honest. Convenience.

00:02:53.980 --> 00:03:04.600
Judge Robert W Lehrburger
Alright, well I you know, I don't. I hope we're not gonna get bogged down in so much detail that we're just doing every request by every request, usually find it most useful to address.

00:03:05.790 --> 00:03:24.840
Judge Robert W Lehrburger
Topics or or types of requests or groups of requests or subject matter that may get at more than one at a time, or if there's an issue that permeates different requests because of the type of response, we can discuss that too, but I'd like to. I'm also open to what you suggest in terms of the.

00:03:31.610 --> 00:03:45.020
Joel G. MacMull

You're on. I'm. I'm sorry. I was just gonna suggest that I've done my best to actually lay it out for the court topically, and suggest that if you'll permit me, I'd like to draw the courts attention to page 2 of our letter. That's docket entry 52.

00:03:37.900 --> 00:03:38.220
Judge Robert W Lehrburger
OK.

00:03:44.760 --> 00:03:47.350
Judge Robert W Lehrburger
Yeah. So that's the subjects, right?

00:03:47.880 --> 00:04:01.780
Joel G. MacMull
Yeah. And it's essentially the eight. What I think it's relatively discrete actually, but obviously you, your Honor will suggest otherwise if you believe it is and if we could maybe March through that. And I can maybe elaborate a little bit in terms of why it's relevant and why I think it's needed.

00:03:51.990 --> 00:03:53.010
Judge Robert W Lehrburger
OK, good.

00:04:02.350 --> 00:04:17.740
Judge Robert W Lehrburger
Sure. So let's do that. So item one is a CNM's identification or lack of identification with any degree of specificity, the trade secrets that it alleges were misappropriated.

00:04:18.320 --> 00:04:48.690
Joel G. MacMull
Correct. Now I I will say, your honor, in full candor, I believe it'll be 2 weeks tomorrow when we did have a meet and confer there was an acknowledgement really from the for the first time by Mr Ross that they needed to provide this information. If you look at if you look at the responses they submitted, you'll see very clear and I print to identify those for the court, they indicate that we don't have to do it that the complaint is essentially sufficient in identifying both those trade secrets and confidential information that was purportedly.

00:04:48.790 --> 00:05:18.550
Joel G. MacMull
A misappropriated what we don't have, and notwithstanding that representation and, and certainly and, I can only hope that they will continue to acknowledge that they have that obligation. I would just ask that this point, particularly as we approach the end of discovery that you're honoring, provide for us a date certain or provide for them rather a date certain as to when we can expect that information. Obviously, I'm prepared to argue, if need be, the relevancy of it. But again, it's my understanding when we last discussed it with our adversaries that it had been conceded to.

00:05:18.980 --> 00:05:20.250
Joel G. MacMull
And so that's where we are.

00:05:20.980 --> 00:05:30.210
Judge Robert W Lehrburger
Alright, but just just just before. You're wait. Just before you were spawn. Which interrogatory is it that asks about the trade secret identification?

00:05:21.020 --> 00:05:24.110
Laura-Michelle Horgan
That's started, that's correct. And you're.

00:05:30.840 --> 00:05:36.700
Joel G. MacMull
It is interrogatory #3, your honor, and that's an exhibit A to my submission.

00:05:35.620 --> 00:05:40.190
Judge Robert W Lehrburger
Yeah. Yep. I got it. OK, alright. So Miss Horgan, you were saying?

00:05:40.840 --> 00:05:49.430
Laura-Michelle Horgan
We have agreed to do that and we are working on it and anticipate being able to do that by early next week. We're happy to have the court set a deadline because we're working on it.

00:05:50.390 --> 00:05:55.370
Judge Robert W Lehrburger
Alright, so today's the 11th. Today's Wednesday. Can you do it by the 18th of next week?

00:05:55.670 --> 00:05:56.230
Laura-Michelle Horgan
Yes, you're.

00:05:57.000 --> 00:05:57.540
Judge Robert W Lehrburger
OK.

00:05:59.070 --> 00:06:20.090
Judge Robert W Lehrburger
Yeah, you know, unfortunately in most every trade secret case I've ever seen or had, this is a dispute about whether the trade secrets have been sufficiently identified that defendant always wants more detail. The plaintiff doesn't necessarily provide that detail, but it is imperative that it be provided with specificity. So let's go ahead and do that.

00:06:20.930 --> 00:06:25.870
Judge Robert W Lehrburger
And that's by the 18th. OK, what's next?

00:06:25.140 --> 00:06:37.020
Joel G. MacMull
Yeah, but I'm sorry. Just before we move on there, if I may just have a a brief colloquy with my with with

local council, gentlemen with with that order in mind, there, there's nothing. There's nothing further we need to probe as to that issue, correct.

00:06:38.230 --> 00:06:39.260
Robert D. Spendlove
That's correct, Joe.

00:06:39.730 --> 00:06:54.540
Joel G. MacMull
OK. Thank you. The next issue, your Honor stems from and I'm generalizing here, but these terms as identified in my letter, namely beat extensions, hidden and beaded rows as well as invisible beat extensions. Our specifically identified in the complaint.

00:06:55.820 --> 00:07:24.350
Joel G. MacMull
Such that the allegation is is that our client was well aware of the use of these terms, that these were essentially universal terms and that and that it has been expressed to us and it may even be in the response. And I apologize, there's actually an error in my letter. It is exhibit A at #7. It's interrogatory #7, not #3 that asks for the identity of the persons that apparently are aware of these terms and and in response.

00:07:22.340 --> 00:07:22.660
Judge Robert W Lehrburger
Uh-huh.

00:07:27.750 --> 00:07:54.740
Joel G. MacMull
Pardon me for just a second. Just reading the response again, at least what's been communicated to us most recently. I'm sorry in the meet and confer is that these were so well known that literally millions of people are aware of these terms, as you can appreciate, your honor, we're not asking them to identify millions. We'd be satisfied with a handful, but they've not even done that. And and when we met and conferred about it as embodied in our letter, which is exhibit three, they indicated that they weren't going to give us that information. And so we find ourselves asking.

00:07:54.990 --> 00:07:55.580
Joel G. MacMull
Why not?

00:07:56.760 --> 00:07:57.270
Judge Robert W Lehrburger
Well.

00:07:58.510 --> 00:08:01.180
Judge Robert W Lehrburger
I understand the problem a little bit.

00:08:03.140 --> 00:08:12.840
Judge Robert W Lehrburger

I could be a witness to this, right? I mean it. And like you just said, it could be million person. What is it you really want? You're gonna ask each employee about.

00:08:14.080 --> 00:08:15.640
Judge Robert W Lehrburger
The those terms.

00:08:15.800 --> 00:08:24.750
Judge Robert W Lehrburger
Umm are you ask for? Are you asking for a 30B6 witness? Obviously anyone may have knowledge of those terms.

00:08:16.310 --> 00:08:17.770
Joel G. MacMull
Well, it's again, it's there.

00:08:25.480 --> 00:08:55.620
Joel G. MacMull
But well, let's let's first of all, let's understand we're talking about the terms in context. You're honor. And so so that's the first thing. These are not. And the other thing is, is that they have not asserted a genericness claim. I don't. I'm certainly prepared to do so. I don't want to sort of dive into the nitty gritty of trademark law, but one of the general proposition is, is that if a term is generic, it is not out of the box amenable to trademark registration, no matter how much secondary meaning required distinction is, it just isn't amenable. So my concern is, is.

00:08:29.430 --> 00:08:29.740
Judge Robert W Lehrburger
OK.

00:08:41.830 --> 00:08:42.140
Judge Robert W Lehrburger
Right.

00:08:55.710 --> 00:09:26.280
Joel G. MacMull
And while they have an asserted genericness, they have addressed a basis for the registration to be cancelled on two prongs, both of which I think are defective. But one of them is descriptiveness, and if they're going to take the position that descriptiveness again, I think this is what they're saying is that these invisible beat extensions, these are run of the mill terms. They are used in the industry. These are their allegations. And I would submit that we are entitled to at least a handful of individuals who purported on, you know, who could buttress their claims.

00:09:06.440 --> 00:09:06.800
Judge Robert W Lehrburger
Uh-huh.

00:09:26.390 --> 00:09:52.000
Joel G. MacMull

Who have this information? And so no matter how widespread it is, which appears to be their argument, I think at some level we're entitled to that. Now, if the answer is, your honor, we know of no such individuals, then that's certainly in his acceptable answer, and we will deal with that as it comes. But to suggest that we're not entitled to a response when the basis of their complaint is, at least in part predicated on the widespread use of these terms is just an incompatible proposition.

00:09:54.580 --> 00:09:55.030
Judge Robert W Lehrburger
Well.

00:09:55.970 --> 00:09:57.450
Judge Robert W Lehrburger
Miss Horgan, do you wanna respond?

00:09:57.880 --> 00:10:27.650
Laura-Michelle Horgan
Yes, we have met and conferred extensively on this issue and it is, as your Honor has framed it, an issue of basically every person in and even if it's limited to hair extensions, this is one of the most basic methods of applying a hair extensions to human hair using beads and putting a weft over the beads to make them quote UN quote invisible. It is on those grounds that we have sought to.

00:10:27.820 --> 00:10:30.820
Laura-Michelle Horgan
You know, led to claim to invalidate the trademark and.

00:10:32.940 --> 00:11:02.550
Laura-Michelle Horgan
OK, you have alleged claims that they are misusing and missing, like wrongfully enforcing the trademark so that is a critical part of our claim. And you know, while we could, if it was limited by the defendants to employees or stylists or some way limited to some class of persons that would be knowledgeable to our client, we would be happy to respond. But as the request is written, it is exactly as your Honor said, it would literally be every person in the hair.

00:11:02.640 --> 00:11:04.020
Laura-Michelle Horgan
I'm sorry that works with hair wax.

00:11:04.340 --> 00:11:15.460
Judge Robert W Lehrburger
Yeah, and Miss Horgan. Just give me a brief idea of the plaintiffs organization, if you will. How many employees are we talking to? Partments? Is it? A handful will just give me an idea.

00:11:15.320 --> 00:11:22.440
Laura-Michelle Horgan
It it's a very small company, Your Honor. It's a single owned female minority business and she has.

00:11:23.740 --> 00:11:26.320
Laura-Michelle Horgan
I I think maybe less than 10 employees at the moment.

00:11:27.130 --> 00:11:28.980
Judge Robert W Lehrburger
All right. And so.

00:11:30.590 --> 00:11:31.340
Judge Robert W Lehrburger
Mr.

00:11:33.360 --> 00:11:55.410
Judge Robert W Lehrburger
Mr McMahon, I I assume. Well, you'll certainly you can have the name of every employee, I suppose, but I'm going to assume that every employee has knowledge of those terms. It's if you're if you're seeking information about, well, you say use in the industry. I guess so.

00:11:57.970 --> 00:11:59.580
Judge Robert W Lehrburger
You know, I don't. I don't know.

00:12:00.460 --> 00:12:09.220
Judge Robert W Lehrburger
How you guys are all closer to me, but it seems to me it would need to be narrowed down. Otherwise you're asking. You get every probably every employee as a response.

00:12:09.780 --> 00:12:40.090
Joel G. MacMull
Well, here's here's what I would be, you know, in the first instance I think I would be happy with certainly the employees. You know, again there is a date there prior to September 19th, 2019. I I don't know obviously whether or not the employees Miss Oregon referenced are you know came on board before or after that date that may very well narrow the scope or expand it. Quite frankly the other the other thing I would want to know is again they they've sort of they've made the statement as if it is you know essentially a fed of complete.

00:12:27.700 --> 00:12:27.860
Judge Robert W Lehrburger
Yeah.

00:12:40.190 --> 00:12:47.400
Joel G. MacMull
So to the extent that they're gonna rely on any other witness that purportedly has that information, obviously we would want that witness identified whether it's in the form of.

00:12:46.770 --> 00:12:54.540
Judge Robert W Lehrburger

Well, sure. Well, that's, that's for sure. If there are witnesses, they're going to rely on for that purpose. But of course, those would be witnesses. They'd have to identify their initial.

00:12:48.050 --> 00:12:48.290
Joel G. MacMull
You know.

00:12:54.000 --> 00:13:25.210
Joel G. MacMull
Then apply anyway and went right. I just upright and then the last thing is is is you know I mean I I sort of leave it to them I I have no idea at this point how many vendors they have in that sort of thing but you know let's leave it with their employees. I acknowledge that it's going to be the subject of some discussion it's somebody's deposition in terms of the prevalence of these terms so unless my Co counsel have something else to add I think in the first instance we can live with the employees and I guess by extension any other affiliate.

00:13:25.360 --> 00:13:48.510
Joel G. MacMull
And I say that because the father, I believe it is Sunny Smith, is identified in the pleadings as essentially being the the originator of the company and the daughter has essentially taken it over. So to the extent there's any successors and assigns that might have information, I would want that too. But I still think we're talking about a pretty limited scope of individuals at the end of the day.

00:13:51.490 --> 00:14:10.980
Laura-Michelle Horgan
Your Honor, we have no problem doing that. I would just note that Mr McMahon's characterization of plaintiffs enterprises incorrect Miss Smith is to Tina Smith is the principle of covenant main. She founded a covenant main on her own. Her father has his own very long standing famous.

00:13:51.560 --> 00:13:52.010
Judge Robert W Lehrburger
This one.

00:14:11.100 --> 00:14:34.770
Laura-Michelle Horgan
I'm a hair industry business, but it is entirely her own company. We have identified her father because he has sold these beads which people use in his business for I think at least 40 years. So he certainly is potentially one of our witnesses, although he resides in the Bahamas, I think so I'm not certain that he would be, but that's why we've identified him.

00:14:40.200 --> 00:14:53.980
Joel G. MacMull
Uh, what's next? Your Honor would be a certain sales information. This is request number 19 in Exhibit B. There has been and I'll explain the relevancy of this, Your Honor, that this is sort of your standard.

00:15:30.070 --> 00:15:55.520
Joel G. MacMull
The the contract from our perspective, you know the the information is relevant for three reasons.

Number one is as we maintain that insofar as there was even a contract in the formal sense, their delivery of product was insufficient or at least at least substandard. And that was the reason why ultimately we terminated the relationship. We don't even believe that's contractual, but be that as it may, the other instance is is that.

00:15:56.390 --> 00:16:26.900
Joel G. MacMull
The the nature of the relationship with such that our client had stylus that had completed certain training and in the course of completing certain training, they were also then given access to the to plaintiffs website and the intention was that by virtue of being a preferred stylist, they could then access the defendant's website and buy certain product. We maintain that that didn't happen and it certainly didn't happen as designed. There were problems with.

00:16:27.370 --> 00:16:57.320
Joel G. MacMull
I think from perhaps a technical standpoint, but more importantly, there were fulfillment problems with our stylists not getting the product. And lastly, by virtue of this sort of Co arrangement, one of the things that was happening because we were referring stylists to their website to buy their product was that we intern then were getting essentially a Commission. So for every, every stylist that we referred, we would be getting a piece back as a thanks very much the the problem is, is that that didn't happen.

00:16:57.420 --> 00:17:13.840
Joel G. MacMull
And so the sales information and we're specifically who bought the product is relevant for determining at least in the last instance that a many of the people we believe about the product were our own people and it goes to satisfying the nature of the breach of the contract.

00:17:23.030 --> 00:17:31.660
Judge Robert W Lehrburger
Well, if I boil that down, you're seeking information that would serve as the basis for you to assess any commissions that you thought your folks were due?

00:17:32.890 --> 00:17:46.640
Joel G. MacMull
That's correct. Yeah. Now there's also there there's also a defensive posture for why I want the information, which is that, of course, in the nature of what's going on here, they have on the trademark piece. Well, I'm sorry. We on the trademark piece have an election.

00:17:47.770 --> 00:18:00.440
Joel G. MacMull
Which is either the disgorgement of their profit or our ability to demonstrate lost sales. Now we don't have to make that election until the time of trial, but we we do need to know. I think more specifically, the sales information than what they provided.

00:18:00.880 --> 00:18:02.110
Judge Robert W Lehrburger
Yeah, OK, Miss Morgan.

00:18:02.740 --> 00:18:32.100
Laura-Michelle Horgan
You're in our I I don't know if Mr McMahon just raised that issue as a way to put his arguments before the court, but to my knowledge, I recall that we've agreed to provide customer information and in fact, it's in plaintiffs interest to provide that information because many of the stylists that IE claimed to have referred to covenant Main, we're actually already customers of covet main anyway, so they would not be entitled to any of.

00:18:32.550 --> 00:18:54.260
Laura-Michelle Horgan
Percentage on those customers, but it didn't resolve that issue for us. We would certainly be and and I have been as far as I've been reviewing and producing discovery been producing the customer information if they want us to distill it and you know some kind of way that's not reproduced in order ordinary course of business if they would like us to distill it another way I can inquire and see if that was possible.

00:18:54.820 --> 00:19:02.430
Judge Robert W Lehrburger
But are in. Are you providing those summary information? That would be documents sufficient to show on a monthly basis what the sales and related information are.

00:19:02.890 --> 00:19:04.720
Laura-Michelle Horgan
We have certainly agreed to provide that, your Honor.

00:19:05.150 --> 00:19:05.470
Judge Robert W Lehrburger
OK.

00:19:06.110 --> 00:19:07.900
Joel G. MacMull
What makes it OK?

00:19:07.650 --> 00:19:07.970
Judge Robert W Lehrburger
Alright.

00:19:08.850 --> 00:19:10.640
Judge Robert W Lehrburger
That sounds like that's resolved.

00:19:11.280 --> 00:19:16.470
Judge Robert W Lehrburger
4th is communications with suppliers and third parties who buy, sell or market hair extensions.

00:19:17.100 --> 00:19:33.790
Joel G. MacMull
Yeah. That, your Honor goes to again the trade secret issue, which is that obviously insofar as there are

communications with third parties as it pertains to the product, you know, obviously that may very well impact the suggestion of any proprietary or trade, you know, information or or trade secret.

00:19:35.890 --> 00:19:36.480
Judge Robert W Lehrburger
It's organ.

00:19:37.810 --> 00:19:42.860
Laura-Michelle Horgan
Yes, we we have agreed to provide that. We'll do so on the date that Your Honor has set May 18.

00:19:43.500 --> 00:19:52.020
Judge Robert W Lehrburger
Great. All right. #5 market studies or documents related to planned or future development of goods for services or service?

00:19:51.390 --> 00:19:51.770
Joel G. MacMull
Yeah.

00:19:56.250 --> 00:19:58.010
Joel G. MacMull
Sorry, what? You wanna you wanna justification?

00:19:56.340 --> 00:19:56.700
Judge Robert W Lehrburger
Is.

00:19:57.500 --> 00:19:58.640
Judge Robert W Lehrburger
Is there a dispute there?

00:20:02.520 --> 00:20:03.070
Judge Robert W Lehrburger
That's number.

00:20:02.610 --> 00:20:16.860
Joel G. MacMull
We understand, we understand there to be your Honor. And again, you know, exhibit three to our letter sort of embodies what we understood their responses to be. Unless I'm missing something. I don't believe our letter was responded to of March the 29th. And it was on that basis.

00:20:05.440 --> 00:20:05.630
Judge Robert W Lehrburger
Yeah.

00:20:15.800 --> 00:20:20.850
Judge Robert W Lehrburger
OK, let's just that's fine. Let's focus on #5. Miss Horgan, #5 Morgan.

00:20:20.210 --> 00:20:35.290
Laura-Michelle Horgan
I to my knowledge, I think we discussed that on our last meeting before. Mr Ross, please correct me if I'm wrong and we're not aware of any market studies that have been done yet. And I think we told IB's Council that but Mr Roth, can you confirm that I'm correct on that?

00:20:35.110 --> 00:20:35.320
Maurice Ross
Yeah.

00:20:36.170 --> 00:20:44.920
Maurice Ross
That's exactly right. We it's simply that there are no market studies that were done. We've requested that the client let us know one way or the other and there are none, so.

00:20:44.630 --> 00:20:44.920
Judge Robert W Lehrburger
OK.

00:20:45.730 --> 00:20:47.530
Maurice Ross
That's what you know, there is nothing.

00:20:49.300 --> 00:20:53.010
Judge Robert W Lehrburger
What about documents related to planned or future development of goods or services?

00:20:54.600 --> 00:20:57.320
Maurice Ross
Well, your Honor, this is Mr Rossi on that.

00:20:58.040 --> 00:21:27.810
Maurice Ross
You know, they're asking for every document in the country company relating to all of its potential business plans, many of which have no bearing on this case whatsoever. And and it goes beyond anything if if they wanna ask for any documents relating to the, to the use of hair wefts or the the use of of the products that were the subject of the agreement between the parties, that would be reasonable. But they're now asking for everything that the company is thinking about doing in the future, no matter.

00:21:08.110 --> 00:21:08.430
Judge Robert W Lehrburger
Right.

00:21:28.250 --> 00:21:33.680
Maurice Ross
How care general it is to this case, so if they would narrow that request, we could probably work it out.

00:21:31.090 --> 00:21:31.390
Judge Robert W Lehrburger
OK.

00:21:34.290 --> 00:21:35.400
Judge Robert W Lehrburger
Got it, alright.

00:21:35.060 --> 00:21:42.920
Joel G. MacMull
Yeah, we'll, we'll, we'll, we'll, we'll so narrow it to. Obviously the the subject matter of the litigation,
namely the heroquest, that's that's fine. We've never, you know.

00:21:43.950 --> 00:21:44.600
Joel G. MacMull
That's fine.

00:21:46.570 --> 00:21:50.680
Judge Robert W Lehrburger
Alrighty #6 is certain customer information.

00:21:53.370 --> 00:21:54.000
Joel G. MacMull
Certain.

00:21:57.560 --> 00:21:58.500
Joel G. MacMull
Certain customer.

00:22:02.110 --> 00:22:18.410
Joel G. MacMull
Ohh I I think this is actually forgive me now that I'm looking at this. This may have actually been since
subsumed in #3 as well. Again, my my understanding from Miss Morgan was was no, there was no
objection to the identification of customers and 39.

00:22:19.630 --> 00:22:21.320
Joel G. MacMull
She wants the reasons why some pressure.

00:22:22.730 --> 00:22:28.710
Joel G. MacMull
For your hair extension products, I I think the concept is exactly the same to which they've already
stipulated, so I I.

00:22:29.450 --> 00:22:34.060
Joel G. MacMull
I unless they see it, unless they see an issue with it, we certainly don't hear on it. We believe it's
subsumed by.

00:22:35.020 --> 00:22:36.410
Joel G. MacMull
You know the representation already made.

00:22:38.460 --> 00:22:39.870
Judge Robert W Lehrburger
It's hard. And do you have any different view?

00:22:40.300 --> 00:22:40.760
Laura-Michelle Horgan
No. Yeah.

00:22:41.440 --> 00:22:45.910
Judge Robert W Lehrburger
Neither do I. The the request look quite duplicative of each other, quite frankly.

00:22:46.570 --> 00:22:50.760
Judge Robert W Lehrburger
And #7 related patent and invention information.

00:22:52.650 --> 00:22:53.850
Judge Robert W Lehrburger
What are we getting at there?

00:22:54.650 --> 00:23:18.070
Joel G. MacMull
Uh, we're getting at the trade secret, Your Honor, again, obviously, if it's if, if, if what they claim is proprietary or otherwise a trade secret than it is betrayed by the existence of a patent, which of course, will ultimately, if the patent issues be published. So you know, it's to flush out the. It's essentially another way to flush out the trade secrets. And obviously, if there is any patient information, we believe we're entitled to.

00:23:18.680 --> 00:23:19.110
Judge Robert W Lehrburger
Well.

00:23:19.840 --> 00:23:23.150
Judge Robert W Lehrburger
OK. But specifically related to hair extensions, right?

00:23:22.860 --> 00:23:24.020
Joel G. MacMull
Yes, of course, of course.

00:23:24.890 --> 00:23:26.690
Maurice Ross
You're. You're out of. Yeah. Address this week.

00:23:24.910 --> 00:23:25.220
Judge Robert W Lehrburger
All right.

00:23:27.120 --> 00:23:27.490
Judge Robert W Lehrburger
Sure.

00:23:28.150 --> 00:23:57.700
Maurice Ross
This this is where he's for us. The patent both sides have patents and patent applications pending
relating to hair wefts and one of the basic disputes we have with our esteemed colleagues is they've
refused to produce their documents relating to their pending patent applications and their file histories.
The thing is, it's also relevant to the our our art made claim in this case is that the trademark of IE of
invisible beads.

00:23:58.180 --> 00:24:07.070
Maurice Ross
Is descriptive in valid. It's functional. That is, it's invalid as functional, meaning that you can't get a
trademark for something that's functional.

00:24:07.640 --> 00:24:07.910
Judge Robert W Lehrburger
Right.

00:24:08.230 --> 00:24:32.270
Maurice Ross
And therefore the the fact that they have patents are we have patents relating to the use of invisible
beads relates to the issue of functionality. So we think both sides should be required to produce their
patents, patent applications relating to this issue and it's you know we're happy to produce ours but it
should should be mutual and they have not been willing to produce theirs.

00:24:32.660 --> 00:24:33.650
Joel G. MacMull
You brought her.

00:24:32.710 --> 00:24:51.620
Judge Robert W Lehrburger
But all the hold on hold on. What is it but a patent application? A trademark application are two
completely different things. The patent is for the utility of the device itself. Although I suppose what
you're saying is if you're seeking utility patent on the device itself, that may speak to the functionality of
the device. But that doesn't necessarily speak to the functionality of the trade war.

00:24:52.430 --> 00:25:18.600
Maurice Ross
No. Ask, ask. You've got it exactly right around it the the the. If you have a utility patent pending on the
functionality, it shows that the trade trademarks that they're seeking is functional, that you the exist and
there's there's Federal Circuit as Supreme Court case on this, which we're happy to cite for the court

about how that on this issue of functionality, it is highly relevant to find out whether or not there are patents, utility patents pending.

00:24:52.640 --> 00:24:53.160
Joel G. MacMull
Yeah, you.

00:25:19.300 --> 00:25:28.550
Maurice Ross
Because it goes to the functionality and and in fact that's something that should be disclosed to the Trademark Office during trademark prosecution, which was not the case here.

00:25:27.330 --> 00:25:27.840
Judge Robert W Lehrburger
Well.

00:25:29.050 --> 00:25:40.700
Judge Robert W Lehrburger
But, but the term invisible beads refers to beads and so are the patents you are referring to method patents or are they literally about invisible beads?

00:25:41.240 --> 00:25:49.360
Maurice Ross
Their method patents, but their methods of using invisible beads, so they they're combination of method and product and product packs.

00:25:49.620 --> 00:26:03.700
Judge Robert W Lehrburger
Well, if they're method patents though, then what they're really that may go to trade secret issues, I suppose, but I'm not sure it goes to to trademark, but nonetheless I, you know, there may be relevance to, as I said, to trade secret and the like, Mr McMullen, what would you like to say?

00:26:04.190 --> 00:26:34.800
Joel G. MacMull
Well, I I I'd like to just separate a couple of things if I could. For the court. First of all, on the issue of functionality, I'd like to separate our request from their request because they're being blended here in a way that I think is a little, I don't know. I will say it's disingenuous, but it's not accurate to be very clear, our request of that. And again that the request does identify it as hair extensions. So it is that narrow in terms of what we're looking for is that, as I said at the beginning, the issue rates directly. The issue relates directly to the issue.

00:26:34.900 --> 00:26:55.970
Joel G. MacMull
Of trade secrets, and I don't believe for reasons we will get into when presumably we're talking about their requests of us that even in so far as we have an obligation and I submit, we don't that that's really the same thing. So the mutuality that Mr Ross is seeking here, I would submit is not applicable. And I think we've made our case as to why it is applicable with respect to their affirmative claims.

00:26:56.710 --> 00:27:17.290
Judge Robert W Lehrburger
Well, but would by any chance your pet, your clients, patents, applications and invention disclosures be relevant to trade secret in that perhaps they relate to things that may in fact not be trade secret because everyone, you know or multiple people are aware of it and know of it and use it?

00:27:18.050 --> 00:27:30.380
Joel G. MacMull
Well, I don't see. I I I frankly don't see how that could be the case. And I'll tell you why. Number one is we're talking about a pending application, no patent yet has been issued. So there's a ripeness issue I think with where they're going with the other issue is.

00:27:32.570 --> 00:27:33.040
Joel G. MacMull
Umm.

00:27:34.040 --> 00:27:37.650
Joel G. MacMull
You know, forgive me. I lost my train of thought. There are other issues.

00:27:38.000 --> 00:27:48.630
Judge Robert W Lehrburger
All right. Well, let's start. Let's let let's start then with at least what you have asked of them and you've asked for patent applications and invention disclosures.

00:27:38.030 --> 00:27:38.710
Maurice Ross
Well, you're hotter.

00:27:39.150 --> 00:27:39.680
Robert D. Spendlove
I I.

00:27:49.240 --> 00:27:54.880
Judge Robert W Lehrburger
Uh, because you think they relate to what again?

00:27:55.550 --> 00:27:56.060
Judge Robert W Lehrburger
Specific.

00:27:55.710 --> 00:28:11.610
Joel G. MacMull
Well, I think they relate to the trade secret insofar as there is any overlap between what's based in a patent application and what they're claiming is proprietary, proprietary trade secret or confidential information insofar as it's the subject matter of a patent is, your Honor is well aware it's not a trade secret.

00:28:11.950 --> 00:28:12.870
Judge Robert W Lehrburger
Right. You got to choose.

00:28:14.490 --> 00:28:15.940
Judge Robert W Lehrburger
Alright, so Mr Ross.

00:28:15.280 --> 00:28:40.070
Maurice Ross
Well, you're out of that. But, but. But it is mutual because we we one of our allegations is that they have
used our proprietary information and trade secrets in applying for patents. So it it really is mutual and I I
don't want to get into functionality again right now but but but that really is part of this but in any
because the functionality is part of the trade secrets that we're that are are alleged to be involved in this
case so.

00:28:25.770 --> 00:28:27.350
Laura-Michelle Horgan
And in fact, the patent issue.

00:28:28.960 --> 00:28:29.460
Laura-Michelle Horgan
And the past?

00:28:40.240 --> 00:28:41.680
Laura-Michelle Horgan
And your Honor, I would just know.

00:28:40.940 --> 00:28:41.370
Robert D. Spendlove
It.

00:28:41.170 --> 00:28:42.810
Joel G. MacMull
Your Honor, I have. Excuse me.

00:28:42.230 --> 00:28:43.980
Judge Robert W Lehrburger
Well, one at a time, one at a time.

00:28:44.630 --> 00:28:53.570
Joel G. MacMull
I have lots to say, your honor, about the purported functionality doctrine as it's being applied here and
it's not being done properly and I'll address that when we address their requests of us.

00:28:48.050 --> 00:28:49.760
Judge Robert W Lehrburger
Yeah, just that's.

00:28:53.800 --> 00:28:55.500
Judge Robert W Lehrburger
OK, Miss Horgan, you were gonna say so.

00:28:55.850 --> 00:29:17.840
Laura-Michelle Horgan
I just wanted to note that the patent issue was filed during the time that these parties were doing business with each other and also pattern in the past week has been I think, Maurice, correct me if I have this the terminology wrong, but it's been approved for publication and also it the patent is premised on the use of these invisible deeds.

00:29:19.030 --> 00:29:28.440
Laura-Michelle Horgan
And their priority issues and all sorts of things that show that these invisible beads are known to everyone in this industry. So that's what they're doing.

00:29:26.500 --> 00:29:27.020
Robert D. Spendlove
But I.

00:29:28.040 --> 00:29:30.260
Joel G. MacMull
We we provided you runner, we provided the file.

00:29:28.950 --> 00:29:29.580
Robert D. Spendlove
Let me.

00:29:29.650 --> 00:29:35.610
Judge Robert W Lehrburger
Hold on. Hold on. I wanna make sure I'm sorry. Hold on. Well, Mr spendlove. Hold on. Miss Horrigan, are you finished?

00:29:30.700 --> 00:29:32.920
Robert D. Spendlove
But let me let me jump in here because I think.

00:29:36.470 --> 00:29:40.980
Laura-Michelle Horgan
Yes. And I just wanted to say I, I we have no problem, as in, Soros said a producing our.

00:29:42.470 --> 00:29:47.270
Laura-Michelle Horgan
The patent information and are prepared to do so, but certainly you know it, it should be mutual.

00:29:47.620 --> 00:29:49.330
Judge Robert W Lehrburger
OK. All right. Now Mr spend.

00:29:48.950 --> 00:29:49.180
Robert D. Spendlove
Yeah.

00:29:50.110 --> 00:30:01.500
Robert D. Spendlove
I'm sorry, I think I can short circuit this cause I don't understand, at least in part, Mr Ross's argument.
We produce the file wrapper and and identify this patent and produced it back in February.

00:30:02.790 --> 00:30:14.830
Robert D. Spendlove
So to the extent that there's additional information they're seeking, you know we we'd have to evaluate
this. I am concerned that that a great deal of this suit has been almost seems like a cover to attack a
patent that hasn't issued yet.

00:30:15.530 --> 00:30:40.100
Robert D. Spendlove
And so to the extent that they're looking for, you know, grounds for invalidity or other things like that
with respect to our patent that has an issued yet that's not appropriate, but we produce the patent and
the file history and everything that was filed with the Patent Office and and identified you know what's
been produced. And that hasn't been reciprocal and and. And so this argument that this is somehow
reciprocal and that that we're holding out on them. So they get to hold out on us is not accurate.

00:30:40.550 --> 00:30:53.220
Judge Robert W Lehrburger
Well, no one gets to hold out at anybody. That's not the way Discovery works. Although people like to
think it does so. But Mr Spangler, you referred to the patent, are there other patent applications that
may be relevant?

00:30:53.150 --> 00:30:55.730
Robert D. Spendlove
That there's one patent application that's pending, Your Honor.

00:30:56.310 --> 00:31:23.000
Judge Robert W Lehrburger
OK, so so so look, I we're talking patent applications related to hair extensions specifically it's discovery
right now obviously that's sensitive information. It would have to be treated as confidential. I don't
know if you have multiple layers of protection, but both sides, I agree it should be mutual. Both sides
should be producing their patent application material related to this.

00:31:29.180 --> 00:31:46.520
Joel G. MacMull
Just to be clear that yeah, when you say what about experts, we're looking for the underlying
documentation to the and I'm not looking for an expert report or a draft or anything like that, that of
course in recent years is not even that recent anymore have been amended. But I am looking for insofar
as the expert has been furnished with any factual data.

00:31:46.850 --> 00:31:47.300
Judge Robert W Lehrburger
Sure.

00:31:47.250 --> 00:31:57.010
Joel G. MacMull
They they need to produce that now and their position is well, we don't have to produce it to you or we certainly don't have to produce it now. And you know that's not the way it works is my understanding.

00:31:57.840 --> 00:31:58.410
Judge Robert W Lehrburger
This organ.

00:31:58.890 --> 00:32:06.460
Laura-Michelle Horgan
We have not, to date, retained an expert, so there's no information to provide. I think we discussed that on on our prior call that this remote.

00:32:05.430 --> 00:32:13.920
Judge Robert W Lehrburger
Yeah, that's what I that's what I suspect it might be the case. So. So, yeah. So when you have your experts, any documents you produce to them.

00:32:07.200 --> 00:32:07.450
Laura-Michelle Horgan
Yeah.

00:32:14.280 --> 00:32:31.500
Judge Robert W Lehrburger
Uh certainly need to be produced. Usually most of those documents have been produced in the normal course, sometimes in discussing with your expert they come up with some additional materials and those get produced, so that seems pretty straightforward.

00:32:32.620 --> 00:32:34.170
Judge Robert W Lehrburger
I don't think there's a dispute there.

00:32:35.050 --> 00:33:04.560
Joel G. MacMull
Great. Just one more, your honor. And that is, is that in the course of our meet and confer, which was in excess of two hours, we had asked them, of course, to amend and and we've identified some of these inconsistencies between their position and what they're written. Responses are with respect to our request for production and the indication from the other side was A and they can clarify this either there was no obligation to do so or to the extent that there was an obligation, they believe that it was a waste of resources. In my 20 years of doing this, I've never.

00:33:05.020 --> 00:33:22.150
Joel G. MacMull

Heard of that? And I certainly never had a court endorsed that. There's a reason why it's a discovery device. Obviously, we think we're entitled to a position from them as to whether or not documents exist or what they are or won't produce. So ioffer that up to the court in terms of sort of the last issue to be resolved from our perspective.

00:33:22.840 --> 00:33:23.400
Judge Robert W Lehrburger
Is Oregon.

00:33:24.530 --> 00:33:30.880
Laura-Michelle Horgan
Your Honor, we went through as Mr McCall said for two hours extensively the request.

00:33:32.370 --> 00:33:51.740
Laura-Michelle Horgan
We believe that it's really just make work at this point to have us, uh provide amended responses to the documents. Certainly we'd be willing to do so with Mr McMahon, could identify each and every request that he would like amended unless zeros. You have a different thought on that, but it just unnecessary.

00:33:50.150 --> 00:34:20.620
Maurice Ross
Oh wait, I thought we talked about this. I. Excuse me? I thought we sent a letter summarizing the results of the meet and confer. And I thought that was how we were gonna approach this. Normally that in my 35 years or 40 years now doing this, that's normally how we handle this, which is out at the end of the meeting, confer the parties, exchange letters that record the agreements that I thought that's what we did here. And I don't really think it's necessary or even appropriate to require everybody to go back every time and and submit new formal responses.

00:34:20.960 --> 00:34:24.580
Maurice Ross
We'll do it either way, but I thought we already submitted a letter that summarized.

00:34:23.730 --> 00:34:25.870
Laura-Michelle Horgan
We did provide a lengthy letter we did.

00:34:25.380 --> 00:34:25.670
Maurice Ross
Some.

00:34:26.320 --> 00:34:36.230
Judge Robert W Lehrburger
As long, so I agree with the latter approach, as long as the party who is agreeing to produce something or amend something is making it clear in the letter that they are doing so.

00:34:36.930 --> 00:34:55.120
Judge Robert W Lehrburger
Uh. And not just seeking a confirmation from the other side, they were. User needs to be that

confirmation or there needs to be representation that someone is doing something. In other words, we discussed these three requests and we've agreed to produce XYZ in response to them. That's fine.

00:34:55.960 --> 00:35:17.640
Robert D. Spendlove
But I will maybe if I can jump in your Honor. Start A tag team. This. But Mr Spin live here. That that is part of our concern. Because a couple of days after the meeting, confer on these issues, we sent a lengthy letter to to covet and main asking for their confirmation of this is our understanding. And if you know, and if anything is wrong, please let us know.

00:34:58.400 --> 00:34:58.700
Judge Robert W Lehrburger
Yeah.

00:35:18.480 --> 00:35:24.670
Robert D. Spendlove
It's been a month or more now and we've yet to receive any confirmation or response whatsoever to that so.

00:35:26.010 --> 00:35:53.310
Joel G. MacMull
Moreover, your Honor, I'm sorry we we've seen the confusion play out here. I mean, councils now telling us that there's no issue and it's been resolved. And yet that's inconsistent with her most recent responses. So the intention here is not to make a make work project a project, but rather very concisely have have a document that ideally we can introduce on summary judgment and indicate that either there's no documents that exist or, you know, otherwise direct the port to that which is responsive. I don't think I'm asking for anything here that's not provided already by the rules.

00:35:53.560 --> 00:36:10.490
Judge Robert W Lehrburger
No, you you need that record as you just said. Using the example that you did. But again, the letters can serve as that basis as long as they are, they'll be a chain is completed. So Miss Horrigan is there a letter to respond to not respond to.

00:36:10.910 --> 00:36:21.020
Laura-Michelle Horgan
Uh, I believe that the lengthy letter that I did send responded to the issues and Mr Ben loves letter, but I would be more than happy to take a look at that letter.

00:36:22.750 --> 00:36:24.510
Laura-Michelle Horgan
And if there are things that I.

00:36:25.600 --> 00:36:26.930
Judge Robert W Lehrburger
We're losing you a bit there.

00:36:40.650 --> 00:36:41.010
Judge Robert W Lehrburger
OK.

00:36:44.600 --> 00:37:07.690
Judge Robert W Lehrburger
Yeah. I mean, as you all know it it it the federal rules many, several years ago were modified so that you couldn't just make these blanket objections and then produce stuff and leave someone not knowing what they're really getting or not. So the follow up correspondence should definitely clarify that. And if it doesn't, then it needs to be done. But it sounds like you're willing to follow up.

00:37:05.810 --> 00:37:06.150
Laura-Michelle Horgan
That.

00:37:08.110 --> 00:37:10.350
Laura-Michelle Horgan
Yes, you're on. We will do that by the 18th as well.

00:37:10.890 --> 00:37:11.800
Judge Robert W Lehrburger
OK, terrific.

00:37:13.160 --> 00:37:16.060
Judge Robert W Lehrburger
So, Mr McFall, your issues have been going through.

00:37:16.390 --> 00:37:24.160
Joel G. MacMull
I I believe they have a Mr Spendlove either one. Is there anything else open from our perspective? I don't believe so.

00:37:25.100 --> 00:37:26.460
Robert D. Spendlove
No, I think we're good runner. Thank you.

00:37:26.870 --> 00:37:27.350
Joel G. MacMull
Thank you.

00:37:27.010 --> 00:37:30.880
Judge Robert W Lehrburger
All right, Miss Horgan or Mr Ross, anything from your end? We need to discuss.

00:37:31.350 --> 00:37:34.960
Laura-Michelle Horgan
I'm gonna let Mr Ross, uh, there there really are just two broad.

00:37:36.010 --> 00:37:46.840
Laura-Michelle Horgan
Issues that we have that need to be resolved by the Court at most of which Mr Ross has already addressed, I'm just turn it over to him as to those two issues because they relate to a number of document requests interrogatories.

00:37:44.050 --> 00:37:44.370
Judge Robert W Lehrburger
OK.

00:37:47.920 --> 00:37:50.920
Laura-Michelle Horgan
So if we can cover them broadly and I think Mr Ross can, we can address.

00:37:51.430 --> 00:37:51.780
Judge Robert W Lehrburger
OK.

00:37:52.850 --> 00:38:03.930
Maurice Ross
OK. Well, we've addressed the patent application cause issues. So I I don't think we need to get into that any any longer. The Laura refreshed my recollection as to the.

00:38:05.180 --> 00:38:34.980
Laura-Michelle Horgan
Well, so we we only have the actual patent filing. We don't have what they're asking of us, which is the underlying documents related to that patent filing. So I think if it's understood that that should be a mutual disclosure then that IDE's agreeing to produce the documents related to that patent, then there is no issue about that. But if they are just saying they all they have to do is produce the the patent that we could obtain from the Patent Office. I I would take issue with that.

00:38:35.420 --> 00:38:53.690
Judge Robert W Lehrburger
Well, I'm not Miss Horgan, I'm not exactly sure what you're saying there, because there's the file wrapper that contains everything in application and responses from the Patent Office, etcetera. But you seem to loosely be referring to documents related to the pad, so I'm not sure what that refers to other than what's in the file wrapper.

00:38:53.720 --> 00:39:12.700
Maurice Ross
Yeah, we can touch you. We just need the foul wrapper for now. And what? What? What the? The other issue relating to this though is the prior art and and and the documents in their possession that show the knowledge of the at least the.

00:39:13.340 --> 00:39:21.570
Maurice Ross
The people in IE and their affiliates concerning the the use of invisible beads.

00:39:21.880 --> 00:39:22.230
Judge Robert W Lehrburger
Right.

00:39:22.570 --> 00:39:33.090
Maurice Ross
And that's, that's where we've had a problem because you know, it's not just enough for us to see the, the, the, the patent applications, but to the extent they have in their possession.

00:39:30.800 --> 00:39:31.140
Judge Robert W Lehrburger
Right.

00:39:33.620 --> 00:39:34.070
Judge Robert W Lehrburger
Sure.

00:39:33.960 --> 00:39:49.430
Maurice Ross
Prior articles, publications, patents of others showing the use of invisible beads over the years to tie hair wafts. That information should be produced, and they've they've objected to that.

00:39:50.670 --> 00:40:00.520
Maurice Ross
If we, you know, we we need to produce simple information. So we think this is another example of of mutuality that they should be producing whatever information, documents.

00:39:50.990 --> 00:39:51.800
Robert D. Spendlove
Your honor.

00:40:01.440 --> 00:40:07.620
Maurice Ross
That show the use of invisible beads over the years. They should be producing that cause it's at the core of the issues in this case.

00:40:08.170 --> 00:40:08.880
Judge Robert W Lehrburger
Mr McMahon.

00:40:09.740 --> 00:40:22.650
Joel G. MacMull
I'm I'm trying to understand. I think Mr Spendlove wanted to to speak, but I did have a question. I'm trying to understand from Mr Ross if what he is saying is germane to his functionality argument. Is that correct?

00:40:23.270 --> 00:40:26.860
Maurice Ross
It's absolutely and it's yes. And it's also it's also.

00:40:25.320 --> 00:40:25.550
Joel G. MacMull
OK.

00:40:26.290 --> 00:40:56.800
Joel G. MacMull
So with that so, so that's that's all I wanted to know. Your Honor, if I may about the the functionality
doctrine because it is being with all due respect, it's being absolutely butchered in most cases the
functionality doctrine again as it relates to trademarks relates to trade dress, essentially product
configuration and the rationale is is that if the design of a product is made better by by or or there's
some quality of the product, it's strength, it's likeness, it's material, it's functional.

00:40:57.120 --> 00:41:16.230
Joel G. MacMull
Having said that, there is a narrow band of doctrine that talks about functionality as it relates to word
marks, which is what we have here. Invisible beat extensions, but functionality as it relates to word
marks is limited to messages of information. So for example handle with care.

00:41:17.630 --> 00:41:40.840
Joel G. MacMull
Open here other other instructions or messages. This is not the the the very nature of the functional
doctrine is not at issue here. We're talking about a now or a term that is at at most a now. So the the
suggestion that there's some sort of application of functionality here doesn't exist. As a matter of law.

00:41:41.530 --> 00:42:06.170
Joel G. MacMull
So I don't. I don't. And and and what I would invite your honor. And I appreciate that, you know,
standing on one foot this these may be difficult concepts to wrestle with. I don't your runner is gonna
take me up on it but certainly we're happy to brief the issue because you know there is no functionality
or at least a basis to cancel the existing registrations of registration based on functionality it's simply not
an issue here.

00:42:06.800 --> 00:42:07.890
Judge Robert W Lehrburger
I yeah.

00:42:06.940 --> 00:42:35.720
Maurice Ross
Are you out of? We mentally disagree and invisible bees is exactly that type of it. It falls within that the
the messaging concept. Exactly what it is. Invisible beads describes a function. It is a message of using
beads to make them invisible. And that is that's precisely the the the issue here. We also have an issue
of descriptiveness. It's not genericness per se, but it is descriptiveness tied into functionality and and
those two issues are just at the core of this case.

00:42:36.480 --> 00:42:38.670
Joel G. MacMull
Except the script, this is not the test.

00:42:36.990 --> 00:42:40.870
Judge Robert W Lehrburger
I'm OK. No enough. I'm. I'm not sure I I frankly.

00:42:41.750 --> 00:42:47.950
Judge Robert W Lehrburger
Uh tend to agree with Mr Macmall functionality is really not an issue here.

00:42:49.150 --> 00:43:07.760
Judge Robert W Lehrburger
You know, color can be functional and I agree there is a narrow band, but here we're talking invisible
beats. It's a thing, and it's either generic, but it's not necessarily because you're providing a service, but
the beads themselves are. Would could be generically referred to as beads.

00:43:08.060 --> 00:43:09.540
Joel G. MacMull
Well, it's also just glad you're on.

00:43:09.900 --> 00:43:10.370
Judge Robert W Lehrburger
I'm sorry.

00:43:10.640 --> 00:43:13.470
Joel G. MacMull
It's also not alleged. Again, Genericness hasn't been alleged.

00:43:12.660 --> 00:43:25.840
Judge Robert W Lehrburger
No, no, no, that's OK. No. So it could it it it, it may be considered descriptive descriptive of a service
provider descriptive of the product provided providing visible beads. Maybe it's suggestive. Who knows.

00:43:26.940 --> 00:43:33.060
Judge Robert W Lehrburger
But it's you don't need the patent stuff to make that determination.

00:43:33.870 --> 00:43:57.900
Judge Robert W Lehrburger
That said, there are trade secret at an issue. There's a it sounds like at least what was known in the art
around that time is going to be relevant, particularly if the plaintiff is going to identify and say this is my
trade secret, when in fact there may be materials that the defendant has that would show. No, it's not
because.

00:44:00.800 --> 00:44:06.280
Judge Robert W Lehrburger
Here are some priority relates to patent, but shows this is you know what you're claiming is a trade
secret is already out there in the public.

00:44:08.050 --> 00:44:27.740
Laura-Michelle Horgan

And your I just can I just make one clarification on invisible beads if you're not familiar with the industry, is somewhat of a not a misnomer, but it actually it refers to the process. It doesn't actually mean invisible AB that is invisible, it means OK, OK.

00:44:25.500 --> 00:44:45.940
Judge Robert W Lehrburger
No, that's fine. That's fine. That's why I said it. That's why I was saying, like a service. It's not necessarily just the product, but you're clarifying that indeed it is not just the product itself, so but it still begs the question then of how strong or weak is the mark that is an issue.

00:44:46.730 --> 00:44:55.600
Judge Robert W Lehrburger
Umm, but I I I happen to agree that the the patent application materials or materials related to things about.

00:44:56.430 --> 00:45:05.040
Judge Robert W Lehrburger
Whether it's a novel as a product or, you know is a has all the qualities that the patient needs.

00:45:06.480 --> 00:45:11.890
Judge Robert W Lehrburger
Is different than whether it is a defensible trademark.

00:45:13.860 --> 00:45:18.190
Judge Robert W Lehrburger
That said, again, I still think there's relevancy here in regard to the.

00:45:19.540 --> 00:45:27.230
Judge Robert W Lehrburger
The the trade secret issue, so I'm not changing my ruling in terms of the reciprocal nature of it. Having to and both sides having to produce that.

00:45:28.130 --> 00:45:29.740
Laura-Michelle Horgan
In order, if I can just clarify.

00:45:30.940 --> 00:45:36.010
Laura-Michelle Horgan
The request that we made and that are in dispute don't just relate to the patent.

00:45:37.310 --> 00:46:03.140
Laura-Michelle Horgan
The request specifically we've made is documents reflecting Mackenzie Turley's knowledge of the method by which hair extensions are attached to a person's natural hair and other documents reflecting the trolley's knowledge of prior art regarding the use of beads. And there's a number of requests of that nature and I's refused to respond to any of those requests, whether or not they relate to the pad. And frankly, I think a lot of it does not relate to really to patent.

00:46:10.440 --> 00:46:11.560
Maurice Ross
Got it, got it.

00:46:10.960 --> 00:46:16.420
Judge Robert W Lehrburger
But but how? But how? It goes? But again, how does it go to validity of the trademark?

00:46:16.970 --> 00:46:18.480
Maurice Ross
You're out. We also have.

00:46:17.480 --> 00:46:44.250
Judge Robert W Lehrburger
The trade target, the trademark the trademark, is based on the again. How is that term understood by the consumer and whether there's consumer confusion also how they perceive it? Do they perceive it as generic? They do they not and you'll have your evidence of advertising and sales and things like that. I'm I am missing a bit what it is that.

00:46:44.920 --> 00:46:49.390
Judge Robert W Lehrburger
About his knowledge of prior art.

00:46:50.220 --> 00:46:52.950
Judge Robert W Lehrburger
That necessarily ties it into the trademark.

00:46:53.400 --> 00:47:04.660
Maurice Ross
You're gonna be at me. Actually, we have claims that this involves the wrongful forcement of unenforceable trademarks, OK, including including, for example.

00:47:05.900 --> 00:47:30.930
Maurice Ross
Antitrust claims Walker process claims and the wrongful enforcement in requires that we prove the intent to run for the knowledge concerning the art and the nature of the art is relevant to whether the the Mr Turley was, you know, was not eligible, that he was wrongfully attempting to wrongfully force and invalid trademark, that that that's at the core of this.

00:47:31.350 --> 00:47:45.790
Judge Robert W Lehrburger
I I'm not quite. I'm not. I'm not quite following there, but the what needs to be understood is what the terms are that you're talking about are used in understood in the industry. So certainly Mr Tourneys, Turley's knowledge of.

00:47:46.850 --> 00:48:08.810
Judge Robert W Lehrburger
Using or creating invisible hair extensions is going to be relevant, he might say. That's something that's,

you know, involves XY and Z, so it's much broader than this narrow part, or it's very broad, encompasses a whole bunch of things, and therefore the trademark that's at issue itself is brought, and who knows what the argument is going to be. Certainly he can be asked about.

00:48:09.550 --> 00:48:16.370
Judge Robert W Lehrburger
Uh, what his understanding of those terms are in the industry and certainly if he has.

00:48:17.120 --> 00:48:27.210
Judge Robert W Lehrburger
Written things or has written documentation about how those terms are used in the industry that would be relevant and then sort of irregardless of whether it qualifies as prior art.

00:48:28.110 --> 00:48:50.350
Laura-Michelle Horgan
And you're the IT based on what your Honor said that I think would resolve our issue and I can identify this specific document request for Mr McMillan and Council. It was 2934, thirty 536 and 39. So if they're agreeing now to produce documents responsive to that request based on your honors ruling, then we've that issues resolved.

00:48:37.580 --> 00:48:37.910
Judge Robert W Lehrburger
Have.

00:48:51.130 --> 00:48:53.740
Joel G. MacMull
Well, I I'm sorry. First of all, can we have those numbers again please?

00:48:53.810 --> 00:49:00.240
Laura-Michelle Horgan
Sure, 29 it's in the letter that I sent to you, Mr McMahon, 2934 thirty, 536 and 39.

00:49:02.380 --> 00:49:05.530
Laura-Michelle Horgan
And this is the letter that I sent to you on May 2nd.

00:49:06.630 --> 00:49:26.090
Joel G. MacMull
We'll certainly take it under advisement. You know, it's a little difficult, you know, for us to. We're gonna have to look at that and see insofar as it relates to what your Honor's remarks, but we'll certainly let Council know if we believe that that is, you know, in line with what you're on. The instructions, Your Honor, has given or whether it falls outside the scope, as I think your Honor, also recognizes as well. So.

00:49:27.910 --> 00:49:28.340
Judge Robert W Lehrburger
All right.

00:49:29.430 --> 00:49:31.570
Maurice Ross
So the the other you're under is.

00:49:29.650 --> 00:49:29.960
Judge Robert W Lehrburger
And.

00:49:31.280 --> 00:49:35.490
Judge Robert W Lehrburger
Hold on. Hold. Hold on. When will you be able to get back to them on that?

00:49:36.210 --> 00:49:36.470
Judge Robert W Lehrburger
Miss.

00:49:36.210 --> 00:49:38.790
Joel G. MacMull
I think we should be able to do that probably by Monday. You're.

00:49:39.100 --> 00:49:40.870
Judge Robert W Lehrburger
OK, let's do that.

00:49:42.150 --> 00:49:42.640
Joel G. MacMull
Can we do that?

00:49:42.200 --> 00:49:42.640
Judge Robert W Lehrburger
Alright.

00:49:44.720 --> 00:49:51.910
Robert D. Spendlove
I was gonna say maybe we just make those reciprocal that on the 18th as well, we'll we'll respond as well. So OK, fine. Sure.

00:49:49.040 --> 00:49:49.410
Laura-Michelle Horgan
Fine.

00:49:49.980 --> 00:49:50.670
Judge Robert W Lehrburger
That that.

00:49:50.810 --> 00:49:51.260
Laura-Michelle Horgan
That's fine.

00:49:53.570 --> 00:49:53.910
Judge Robert W Lehrburger
Alright.

00:49:53.580 --> 00:49:56.530
Maurice Ross
And then the other is counter is we've requested.

00:49:57.420 --> 00:50:01.650
Maurice Ross
Uh. Documents relating to the relationship between.

00:50:03.110 --> 00:50:26.580
Maurice Ross
The the IBEW and an entity node is katsuni. Katsuni is an entity with whom I be had. Ivy has an affiliation of business affiliation and the allegation is that that during the course of that relationship between IE and katsuni, IE has wrongfully disclosed to consumers.

00:50:26.650 --> 00:50:51.510
Maurice Ross
It's suit Katsuni and Katsuni has wrongfully made use of the trade secrets and proprietary information that our client provide. ID is, but we've requested that they provide information concerning their dealings with Katsuni directed to this problem and they've refused to provide essentially anything relating to their relationship with katsuni, their contractual relationship they refuse to.

00:50:52.410 --> 00:51:21.180
Maurice Ross
To to stay, to identify the nature of that relationship and what they've provided to could Sunni and so forth. So you know, they've just essentially said consume these off the table, it's not relevant. We think Katsidis at the core of this case, we think that that's the the way they've tried to to violate their agreement with our client is to take our proprietary information and make a deal with this other company that essentially freezes out our client and brings in this other company.

00:51:21.600 --> 00:51:31.450
Maurice Ross
So the information relating to their dealings with Katsuni and their contact with them and what information provided to consume, he is of the utmost relevance to our claims in this case.

00:51:31.630 --> 00:51:36.940
Judge Robert W Lehrburger
It are you contending that katsuni is that other company that they're doing business, OK?

00:51:35.470 --> 00:51:38.660
Maurice Ross
Yes, it's one of the other companies, yes.

00:51:36.330 --> 00:51:36.620
Laura-Michelle Horgan
Yes.

00:51:39.150 --> 00:51:40.330
Judge Robert W Lehrburger
OK, Mr McMahon.

00:51:41.510 --> 00:51:44.430
Joel G. MacMull
I'm actually going to defer to Mr Spendlove on this if I may, your Honor.

00:51:44.100 --> 00:51:45.140
Judge Robert W Lehrburger
That's fine, sure.

00:51:45.010 --> 00:52:00.460
Robert D. Spendlove
Yeah. Yeah. And I think that, that, that unfortunately that's a mischaracterization. I don't think at any point we've said that we won't provide any information that's in the custody control or or a relates to IE. But but let me just pick one. I'm just picking one as a as an example here.

00:52:00.010 --> 00:52:02.110
Judge Robert W Lehrburger
You can katsuni you said IE.

00:52:02.720 --> 00:52:19.990
Robert D. Spendlove
IE IE is the named party and and so here's let let me let me illustrate this. This is a request for admission right and the request for admission is that Cassidy Currier purchased hair wefts from CNM after CNM and IE entered into an agreement. And before such agreement was terminated.

00:52:06.000 --> 00:52:06.500
Judge Robert W Lehrburger
I don't.

00:52:20.740 --> 00:52:52.790
Robert D. Spendlove
OK, so they're asking IE to admit or deny something that has to do with a third party who's not named in this, not a party with the suit, their relationship with another third party, and they want IB to answer that. And the same thing is right through all the interrogatories and all the requests for admission they want IE to answer on behalf of katsuni not what's IE's relationship with katsuni or what communications does IE have. But they're interrogatories say, you know who owns katsuni and you know what, what documents or who did katsuni talk to?

00:52:24.720 --> 00:52:25.230
Judge Robert W Lehrburger
Right.

00:52:53.050 --> 00:53:23.250
Robert D. Spendlove
And Katsuni is not a named party and they're basically asking us for, you know, relationship between one third party and another and and the fact that there may be overlapping ownership in these companies doesn't mean that IE is even in a position, let alone required to produce or answer on behalf of third parties about their relationship with other third parties. There are discovery tools for this and you can't just short circuit it by saying, well, I behead a relationship and there's, you know, some overlapping ownership. So therefore you have to answer on behalf of Kitsune.

00:53:23.460 --> 00:53:28.880
Judge Robert W Lehrburger
But are you providing any discovery regarding katsuni or ibes?

00:53:29.080 --> 00:53:32.910
Judge Robert W Lehrburger
Uh. Real communications with consuming or relationship with consuming.

00:53:34.290 --> 00:53:52.350
Robert D. Spendlove
To the extent that we're providing in those answers on behalf of IBEW, right, so one of the no one of the things that came up was you know we haven't told who who was involved in developing the the product that Katsuni sells well, we've identified those people in Ibe that were involved in that.

00:53:53.230 --> 00:54:01.450
Robert D. Spendlove
And and and the response we got back as you also have to tell us who it could soon he was involved in that. And we're like what we we don't know, right. Or at least IE doesn't.

00:54:00.030 --> 00:54:22.130
Judge Robert W Lehrburger
Well, I was going to say to the extent IBEW knows and they're they're presumably are communications of some sort, maybe between the two that might have relevant information. Are you producing documents and communications within IBES control customer, your control that concern communications with katsuni on the relevance of?

00:54:23.240 --> 00:54:45.080
Robert D. Spendlove
Certainly we we haven't, I I don't think we've ever represented it. We're that if it says Katsuni, we're not going to to you know, provide that information. Our objection was they're asking us to answer requests for admissions and interrogatories basically on behalf of katsuni just and they response was well, there is overlap in, in ownership. So you're obligated to to respond to that.

00:54:45.560 --> 00:54:47.190
Judge Robert W Lehrburger
All right, Miss Morgan or Mr Ross.

00:54:47.570 --> 00:55:15.460
Laura-Michelle Horgan

Yeah, that that's incorrect. You know the complaint and we've met and conferred about this. Our complaint specifically alleges that Miss Turley and take sentence differently, was involved during the time that they were reportedly working with our client in it under agreement, they were working with a woman named Cassidy Courier, who is 1/2 of Katsuni. The other half of Katsuni is Mackenzie Turley. And.

00:55:16.840 --> 00:55:46.990
Laura-Michelle Horgan
Uh, Miss Courier also placed a large number of orders from our client during the time this agreement was going on, and it's alleged in the complaint that would happen here is the Turley's and Miss Currier basically decided to copy our client's hairline and lo and behold, in July of, I think it was 2020, Miss Turley said. Oh, we're gonna use other distributors and then shortly thereafter, the katsuni hairline became the hairline that IE was selling. It is central to our case.

00:55:47.210 --> 00:56:17.660
Laura-Michelle Horgan
And I think Mr Spenlow is being a little bit too clever by half by saying we're not identifying anyone with, we're only responding on behalf of IE, Miss Turley and Mr Turley know who they spoke with about the development of that hairline they have are hiding behind the fact that it said when responding on behalf of IDE, they need to respond to the request that are directed to them about that relationship which we have alleged replaced our client in this deal.

00:56:20.000 --> 00:56:38.270
Robert D. Spendlove
If I may, your Honor, I think there are two things that one, we we did serve and we understand that the lateness of our service, but we were submerged, amended interrogatory responses today that that identified people to whom the the IE spoke with regard to developing hairlines or or with regard to purchasing hairlines and that's been identified.

00:56:39.500 --> 00:56:48.390
Robert D. Spendlove
But but the second part that I think is important too is right there. And what Miss Horgan just said, allegedly, Cassidy Currier purchased product from CNN.

00:56:49.620 --> 00:56:56.790
Robert D. Spendlove
And they want IBEW to provide documents about the products that Cassidy Courier purchased from CNN.

00:56:57.970 --> 00:57:02.110
Robert D. Spendlove
Again, it's just that the scope of, you know if they need to know that information, they need to.

00:57:03.550 --> 00:57:05.680
Robert D. Spendlove
You know that they would have that, not IDE.

00:57:07.510 --> 00:57:09.500
Judge Robert W Lehrburger
But is the what is one of the is.

00:57:08.140 --> 00:57:11.020
Laura-Michelle Horgan
And again, I think that's narrowing. I'm asking for.

00:57:10.430 --> 00:57:21.340
Judge Robert W Lehrburger
What is one of the principles is one of the principles that Miss Horgan says was involved. I can't remember if it was McKenzie Turley or Cassidy or whoever.

00:57:22.880 --> 00:57:26.770
Judge Robert W Lehrburger
Happens to also happens to be involved with IDE.

00:57:28.620 --> 00:57:37.530
Judge Robert W Lehrburger
And also with Katsuni and are you making a distinction that that person is separate from the corporation IDE?

00:57:38.400 --> 00:57:47.050
Robert D. Spendlove
Yes, and and and here's not to get a little wonky, but here's why this matters in specific with regard to requests for admission and interrogatories.

00:57:46.870 --> 00:57:47.620
Judge Robert W Lehrburger
Sure. Yeah.

00:57:47.910 --> 00:57:53.250
Robert D. Spendlove
So so if we look at it, the let me put the, the courts have said and and that that you know.

00:57:54.030 --> 00:57:54.440
Robert D. Spendlove
That.

00:57:56.260 --> 00:58:02.810
Robert D. Spendlove
Interrogatories that that depositions by, you know the 30B6 depositions are basically the equivalent of interrogatories.

00:58:03.510 --> 00:58:13.740
Robert D. Spendlove
And there's this doctor, and there's a, you know, cases recently in in this court as well as all over the country that basically say that questions and answers that exceed the scope of a 30B6 question.

00:58:14.650 --> 00:58:21.460
Robert D. Spendlove
Right, that those are treated, they're not binding on the corporation. They're treated as if they're answers given by the individual.

00:58:21.790 --> 00:58:22.160
Judge Robert W Lehrburger
Correct.

00:58:22.120 --> 00:58:36.920
Robert D. Spendlove
Right. There's no mechanism. So if if in a deposition they ask Miss Turley about her relationship with Katsuni, she can answer that. And if we say, look, that's beyond the scope, it's her personal. There's no mechanism for that in response, interrogatories or pressured mission.

00:58:35.410 --> 00:58:44.380
Judge Robert W Lehrburger
Right, right, right. In other words, depending on what's being sought, if you're seeking this individual's knowledge.

00:58:45.600 --> 00:58:53.330
Judge Robert W Lehrburger
That's that person's knowledge. It's not the corporations knowledge of the person's knowledge. Then you need to serve interrogatories on them.

00:58:54.330 --> 00:59:00.540
Judge Robert W Lehrburger
And take their deposition and individually. But you can serve interrogatories on them as an individual.

00:58:54.430 --> 00:58:55.160
Robert D. Spendlove
Yeah, that.

00:59:01.470 --> 00:59:14.780
Robert D. Spendlove
Yeah, yeah. And that's our point is just not that we can't answer these, but you can't short circuit it and say that, you know, IBM has to certify response to interrogatories when it's not within the scope of IDE's knowledge just because one of the owners happens to know it and.

00:59:14.220 --> 00:59:26.720
Judge Robert W Lehrburger
Yeah, well, there's a metaphysical question. Of course, whether or knowledge is ibes knowledge that I don't know how to answer, but I can see why that could be an argument, and perhaps what Oregon has in.

00:59:17.100 --> 00:59:18.420
Robert D. Spendlove
Right. I I think, yeah.

00:59:25.220 --> 00:59:25.690
Maurice Ross
About your.

00:59:26.300 --> 00:59:41.790
Robert D. Spendlove
Right. And and like I said, under a deposition, the courts have elucidated the solution to that, which is the answer on their behalf. It's not necessarily binding on the corporation because it's not answering on behalf of the corporation. There's not. There's not that solution that I've been aware of with regard to interrogatories or requests for admission.

00:59:26.630 --> 00:59:26.950
Maurice Ross
Here.

00:59:42.320 --> 00:59:42.560
Judge Robert W Lehrburger
Right.

00:59:43.060 --> 00:59:45.180
Maurice Ross
But, but your honor in discovery.

00:59:45.900 --> 00:59:47.690
Maurice Ross
There's a basic concept that.

00:59:48.990 --> 00:59:57.360
Maurice Ross
The the the A party must produce whatever information is in this possession, possession, custody and control. And in this case.

00:59:58.240 --> 01:00:25.880
Maurice Ross
Because Mr Turley is is half of of of Katsuni and Katsuni seems seems to be an affiliate there there. We believe that IBEW and Mr Turley controls consume these. So for them and and so we've talked discovery on the issue of whether they control continuity. If they do, then Mr Turley and IE are obligated to produce that discovery since they control and possess.

01:00:13.330 --> 01:00:13.810
Judge Robert W Lehrburger
That maybe.

01:00:30.060 --> 01:00:31.890
Maurice Ross
Reality is, Mr. Kelly.

01:00:31.990 --> 01:01:02.360
Judge Robert W Lehrburger

E You can ask I VE for information that gets to whether there's essentially alter ego between any of the individuals and the company or the two companies you're talking about. IB can produce what it has on that. You can issue discovery towards katsuni, you can issue personal discovery against officers or employees of the company, but there's gonna be a limit to what the company itself Ibe can represent.

01:00:35.980 --> 01:00:36.290
Maurice Ross
Yes.

01:01:02.510 --> 01:01:13.850
Judge Robert W Lehrburger
On behalf of itself versus versus others, but the information you describe may, assuming it's relevant, there are ways to get at that. It's just that it can't all come from Ibe. Some of it will.

01:01:14.600 --> 01:01:25.870
Laura-Michelle Horgan
And you are the problem I think is that none of it is I. I don't think that we've received any documents today relating to Katsumi. If the understanding is that ID has to produce.

01:01:27.110 --> 01:01:30.340
Laura-Michelle Horgan
All of its communications or documents exchanged with.

01:01:31.540 --> 01:01:34.030
Laura-Michelle Horgan
Katsuni. Then we expect that those will be produced.

01:01:34.630 --> 01:01:55.100
Judge Robert W Lehrburger
Well, I, you know all communications, I think it would be about whatever the subjects are here that are relevant and I don't know if you've asked for documents that reflect any corporate relationship between the two, I don't know, I I don't know if you've asked. Yeah. So for there may be stuff like that. Mr Spendlove, have you refused to provide things like that?

01:01:47.030 --> 01:01:47.370
Laura-Michelle Horgan
Yes.

01:01:55.790 --> 01:02:13.680
Robert D. Spendlove
No, I don't think so, your honor. And and we are. You know there there's ongoing discussions on on production and we're working through that and have produced some documents and I tend to produce others, but it was never our position that that if there's a document about katsuni, we're not giving you that because that certainly hasn't been our position.

01:02:12.710 --> 01:02:12.990
Judge Robert W Lehrburger
Right.

01:02:14.520 --> 01:02:14.700
Judge Robert W Lehrburger
Right.

01:02:14.600 --> 01:02:33.240
Laura-Michelle Horgan
And, and most specifically, Your Honor, I would want to confirm that IBM would be producing any communications with katsuni about the development of this hairline that they started selling after the agreement with my client. And I thought the development of that hairline that's specifically gets the heart of the issue.

01:02:33.710 --> 01:02:34.410
Judge Robert W Lehrburger
Mr van love.

01:02:34.960 --> 01:02:58.090
Robert D. Spendlove
Yeah, I I we don't have an objection in principle. I don't know what documents there are there because the relationship that's assumed here is I don't think accurate in that that IE bias, hair extensions and resales on behalf of katsuni hair extensions. But those aren't hair extensions that Ibe makes or produces or procured or they they buy and sell on behalf of them.

01:02:57.820 --> 01:03:13.070
Judge Robert W Lehrburger
Regardless, it seems like they're going to be communications that go to hairline extensions that raise issues about the trade secrets of the trademark or whatever. So we, regardless of what the relationship actually is, if they're communications with this other company about.

01:03:02.690 --> 01:03:02.930
Robert D. Spendlove
Yeah.

01:03:13.830 --> 01:03:16.980
Judge Robert W Lehrburger
The alleged trade secrets where they hairline extensions they would be produced.

01:03:14.290 --> 01:03:14.730
Robert D. Spendlove
Yeah, yeah.

01:03:17.690 --> 01:03:18.380
Robert D. Spendlove
Yeah. Yes, you're.

01:03:18.780 --> 01:03:19.740
Judge Robert W Lehrburger
OK, good.

01:03:20.890 --> 01:03:27.960
Joel G. MacMull
Your, Your Honor, I, I, I'm sorry. I I didn't mean to interrupt. I I was presumptuous and thinking that we were finished, but that may not be true. I'm sorry.

01:03:28.420 --> 01:03:31.780
Judge Robert W Lehrburger
Sorry, Miss Horgan. Anything else when you're on or Mr Ross?

01:03:32.490 --> 01:03:36.730
Maurice Ross
No, I I don't think so. You're under. That's Horgan could think of something that I'm missing.

01:03:37.310 --> 01:03:45.630
Laura-Michelle Horgan
No, you are the only other thing is that we sent revised search terms to IDE on Friday.

01:03:46.850 --> 01:03:54.750
Laura-Michelle Horgan
And we haven't heard back from them yet. I assume that we will hear back from them and hopefully there will be no issues, but that is something that is outstanding.

01:03:55.680 --> 01:03:57.890
Judge Robert W Lehrburger
Mr McMahon, can you just speak to the timing on that?

01:03:58.450 --> 01:04:08.220
Joel G. MacMull
I I can't, unless the court feels otherwise. Let's let's agree that we will respond to them. Honor before the 18th. With that, you know, with any modifications, or at least our comments, OK.

01:04:07.960 --> 01:04:10.720
Judge Robert W Lehrburger
OK, alright. And you were about to raise something else.

01:04:11.090 --> 01:04:38.480
Joel G. MacMull
I I was, your honor. Forgive me. I was a little. I jumped the gun there my notes and I just wanna make this clear. My notes are unclear. And if it's clear to anyone else, please let me know as the extent to which the plaintiffs are required or you are requiring them to amend their written responses to our first request for productions. We talked about that. We talked about the letter. I don't want to reply the same ground, but I do just want to put as far as it's going to persuade the judge to go one way or the other.

01:04:38.840 --> 01:04:54.480
Joel G. MacMull
I we we do not believe that the letter corresponds to date has been sufficient and for all the reasons I

previously raised, we would respectfully request that they amend their responses in a single document so that we know ultimately what exists, what doesn't exist, and what they've agreed to respond to.

01:04:56.760 --> 01:04:58.150
Judge Robert W Lehrburger
How many document requests are the?

01:04:58.860 --> 01:05:00.420
Laura-Michelle Horgan
That's almost 100.

01:05:01.430 --> 01:05:03.980
Joel G. MacMull
Ohh, I don't think there's that many. There are 50.

01:05:03.630 --> 01:05:05.490
Laura-Michelle Horgan
Well, it's more than the.

01:05:05.990 --> 01:05:10.080
Joel G. MacMull
There's sixty 6072.

01:05:10.920 --> 01:05:11.410
Judge Robert W Lehrburger
Uh-huh.

01:05:12.780 --> 01:05:24.230
Judge Robert W Lehrburger
And you know, I'm not sure. Maybe you could. Uh again with respect to the correspondence. Tell Miss Horrigan what it is. That's not sufficient about what's stated in.

01:05:25.390 --> 01:05:37.080
Judge Robert W Lehrburger
The letters and if you know, maybe I date. There are things that can be done to confirm or deny or well confirm or deny and follow up that would cement that.

01:05:38.280 --> 01:06:06.560
Judge Robert W Lehrburger
I frankly have never been in a case and I litigated for 27 years, or anyone ever redid their responses to document requests in the official document request way as opposed through document. Follow the letter, follow up. So I'm not inclined to do that if there are specific requests where you have real concerns because it's a particularly, you know, particularly important request where you really want to know, is there anything else?

01:06:07.350 --> 01:06:14.580
Judge Robert W Lehrburger
And they it's not clear then, you know, say I need you to tell me for this. Is there anything else or have you produced everything?

01:06:14.950 --> 01:06:20.480
Joel G. MacMull
Very good. Then I will review the correspondence and identify that which we believe. We're still entitled to. And by way of answer, that's fine.

01:06:20.450 --> 01:06:21.450
Judge Robert W Lehrburger
All right, great.

01:06:22.250 --> 01:06:27.600
Maurice Ross
Your Honor, me, I raised this issue. We we received a we. We've noticed that positions.

01:06:22.440 --> 01:06:22.710
Judge Robert W Lehrburger
Or.

01:06:28.330 --> 01:06:59.290
Maurice Ross
Uh, and on condition that obviously we we don't want to bring witnesses back twice and we received a letter from them late last week saying, well, we'd like to produce our witnesses on certain dates, early dates in June. The problem with this and we we all wanna expedite the completion of discovery, but we don't want to be forced to take these steps positions before we we resolve these discovery issues and get their documents because obviously that would be prejudicial. So I I think we need a little clarification from the court that the court.

01:06:59.360 --> 01:07:08.870
Maurice Ross
Before we, we go down the road of the depositions of the principle witnesses, in this case, both sides ought to, you know, make a good faith effort to complete producing their documents.

01:07:10.230 --> 01:07:22.490
Joel G. MacMull
Yeah, you're my only objection to this is that I don't believe this is properly before the court. This has never been addressed with us previously. And I have, you know, I'm happy to discuss it with the other side. But with all due respect, I don't believe it's properly before your honor at this time.

01:07:10.320 --> 01:07:10.650
Judge Robert W Lehrburger
Mr.

01:07:22.710 --> 01:07:42.810
Judge Robert W Lehrburger
Right. It's not right. So I do think the party should discuss that. But I think the principle in general is a good one that you don't wanna be deposing people when you're in the middle of the document production, unless there's a pretty good reason to do so. Or if there's agreement to bring somebody back. But I'll leave you to all to figure that out. And if you've got problems, you'll come back to me.

01:07:43.460 --> 01:07:44.000
Joel G. MacMull
Very good.

01:07:44.590 --> 01:07:45.420
Maurice Ross
Thank you around.

01:07:44.660 --> 01:07:45.310
Joel G. MacMull
Thank you, brother.

01:07:46.520 --> 01:07:55.360
Judge Robert W Lehrburger
Alright, well it was nice getting to know you all a little bit. Hopefully you will be able to work out your disputes going forward, but if not I'm here. Alright, I wish.

01:07:54.740 --> 01:08:04.170
Joel G. MacMull
Thank you. You brought one one final question. I'm sorry, were we on the record, is there is this being transcribed or the recording we can get a a transcript of this or will this realized in an order for?

01:07:55.250 --> 01:07:55.860
Laura-Michelle Horgan
Thank you.

01:08:01.940 --> 01:08:02.670
Judge Robert W Lehrburger
Yeah.

01:08:03.840 --> 01:08:15.320
Judge Robert W Lehrburger
We can download, we can download a transcription and load that up. If you would like. It won't be. It won't necessarily be the official transcript, but I can put it on there as an unofficial one.

01:08:16.070 --> 01:08:19.190
Joel G. MacMull
OK, great. And and the court will do that as opposed to us ordering it, is that right?

01:08:19.750 --> 01:08:42.360
Judge Robert W Lehrburger
Yeah, I'll just because what I'm going to do is we're gonna print out the recording of all from teams that which tends to be OK, you know, the words that are garbles, it doesn't necessarily get everything. If you think you want an official transcript at any point, then you would have to request one from the court reporters, and they would have to do an official transcription.

01:08:43.120 --> 01:08:46.440
Joel G. MacMull
Derive from this recording on teams obviously. Right. OK.

01:08:46.090 --> 01:08:51.990
Judge Robert W Lehrburger
Right. So if you're content in the first instance with an unofficial one, you know I can print this out and put it up for you.

01:08:52.360 --> 01:08:54.500
Joel G. MacMull
Ohh that would be great. Your honor. Thank you.

01:08:54.160 --> 01:08:54.470
Judge Robert W Lehrburger
OK.

01:08:54.760 --> 01:08:55.200
Laura-Michelle Horgan
Your honor.

01:08:56.280 --> 01:08:58.310
Judge Robert W Lehrburger
All right. We're adjourned. You well.

01:08:58.370 --> 01:08:59.490
Laura-Michelle Horgan
Thank you and have a good day.

01:08:58.760 --> 01:09:00.190
Joel G. MacMull
Thank you. You too, runner. Bye bye.