

**Joel G. MacMull, Partner**

jmacmull@mblawfirm.com
973.295.3652 Direct

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600 Main
973.325.7467 Fax

570 Lexington Avenue, 21st Floor
New York, New York 10022
212.776.1834 Main
www.mblawfirm.com

June 2, 2022

**VIA ECF ONLY**

Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2022

Re: *Covet & Mane, LLC v. Invisible Bead Extensions, LLC*
    Case No. 21-cv-07740-(JPC) (RWL)

Dear Magistrate Judge Lehrburger:

    We represent defendant/counterclaim plaintiff Invisible Bead Extensions, LLC ("IBE") in connection with the above-captioned matter. Regrettably, IBE finds itself writing to the Court again now for the third time in just seven weeks following plaintiff Covet & Mane LLC ("C&M") most recent act of intransigence. More specifically, we write in connection with certain third-party subpoenas issued by C&M and recently filed with the Court (ECF Nos. 66, 68 and 70, collectively, the "Subpoenas") and in search of a protective order or otherwise quashing or modifying the Subpoenas pursuant to Fed. R. Civ. P. 26 (c), 45(d), L. Civ. R. 37.2 and § II.C of Your Honor's Individual Practices in Civil Cases.

    As further explained below, C&M's Subpoenas are nothing but the latest in a string of abuses that, based on its refusal to conform the Subpoenas to this Court's recent rulings, appears to be nothing more than an *in terrorem* tactic. Moreover, C&M's unequivocal refusal to meet and confer with IBE in any meaningful and efficient manner

Hon. Robert W. Lehrburger, U.S.M.J.
June 2, 2022
Page 2 of 4



concerning their overbreadth merely underscores its bad faith approach to discovery generally. (ECF No. 74-2 at 1-3.)

## I. Relevant Background.

On May 11, 2022, the Court held a conference in connection with the parties' cross-motions to compel certain additional written discovery responses and documents. (ECF No. 60.) During the conference, substantial discussion was spent on the appropriate scope of a responding parties' obligation to respond to discovery propounded upon it. (*Id.* at 60 at 36-39.) Indeed, the Court acknowledged a few times that C&M's effort to obtain from IBE certain information that may be in the possession of other non-parties was improper. (*Id.* at 36, 40-42.) Yet, despite the Court's clear guidance on this very issue, the Subpoenas, among other things, seek to ignore basic corporate distinctions between IBE and non-party Kitsune Hair Co. LLC ("Kitsune"). (*See* ECF No. 70.) Moreover, when this office, on behalf of the non-parties, sought to meet and confer with counsel for C&M this past Tuesday, May 31, 2022 regarding this and the many other defects inherent in the Subpoenas, those efforts were met with rancor and *ad hominem* attacks.[1] This was after C&M's counsel, Maurice Ross, raised the very same arguments regarding a principal's discovery obligations vis-à-vis a company's that he raised during the May 11th conference which this Court found unpersuasive. (ECF No. 60 at 41-42.) The following is merely illustrative of the patent overbreadth of C&M's Subpoenas.[2]

### A. The Kitsune Subpoena

First, the "Definition" section of the Kitsune subpoena defines "you" and "your" as IBE, while Kitsune is not encompassed within this definition. (ECF No. 70 at 4.) This is relevant because, for example, Topic No. 34 as written has nothing to do with Kitsune.

---

[1] It bears mentioning that C&M's lack of cooperation and preparedness to discuss the Subpoenas on the afternoon of May 31, 2022, despite IBE's email the Friday before outlining the issues to be addressed, came on the heels of IBE filing its reply earlier that afternoon in further support of its motion to compel additional discovery from C&M and for sanctions. (ECF No. 73.) Thus, a reasonable inference can be drawn that in the wake of IBE's court filing, C&M was not inclined to meet and confer with IBE in good faith. C&M's tortured rendition of the events of the parties' meet and confer in its own May 31, 2022 filing is not worthy of a response. (ECF No. 74.) This office does, however, stand by its initial objections to C&M's demand that all further meet and confers proceed in writing because, among other reasons, its demand is contrary to Fed. R. Civ. P. 1. ("[The Rules"] should be construed, administered, and employed by the court **and the parties** to secure the just, speedy and **inexpensive** determination of every action and proceeding.") (emphasis added.) (ECF No. 74-2 at 2-3.)

[2] The page limitations imposed by § II.C of Your Honor's Individual Practices in Civil Cases precludes discussion here of the subpoenas served upon the Turleys individually. (ECF Nos. 66 and 68.) Nevertheless, these subpoenas are largely duplicative of one another and of the Kitsune subpoena such that an Order in connection with the Kitsune subpoena can, and should also be, equally extended to the Turley subpoenas.

Hon. Robert W. Lehrburger, U.S.M.J.
June 2, 2022
Page 3 of 4



(*Id.* at 7, Topic No. 34.) But the improper scope of the Subpoenas is not merely isolated to just the above. The Kitsune Subpoena's topics of inquiry seek deposition testimony from Kitsune in connection with the "business of Kitsune and any related entities," "[c]ontracts and/or other business transactions involving [other entities]," "marketing and business plans developed by McKenzie Turley, and Tyler Turley [or] IBE," "[c]ommunications, materials, or presentations made regarding the business of IBE," "the products and services sold, offered for sale, or sold on behalf of IBE," the "quantity of products and services sold, offered for sale, or sold on behalf of IBE," the "design and development of the 'IBE Certification Tool Kit" that IBE began offering in late 2020," the "quantity of Kitsune hair extensions sold by IBE." (*See* ECF No. 70 at Topics Nos. 5, 7, 12, 13, 19, 22, 25 and 34.) While the following topics are merely illustrative of C&M's blunderbuss approach to the Subpoenas, C&M's accompanying document requests fare no better. (*See*, for example, Requests Nos. 1, 15-17, 19, 21, 26, 28-30, 32-33, 38, 40-41, 43, and 44.)

**II.    The Subpoenas are Defective in Other Material Respects.**

    **A.    C&M Has Failed to Comply with the Witness Fee Requirement of Rule 45(b)(1)**

Fed. R. Civ. P. 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1) (emphasis added). The Subpoenas seek both in person testimony and documents. (ECF Nos. 66, 68 and 70.) However, the requisite witness' fees were not served contemporaneously with the Subpoenas. Thus, on this basis too, the Subpoenas should be quashed.

    **B.    The Documents and Testimony Sought by the Subpoenas are Irrelevant to the Claims Asserted in this Litigation**

The Subpoenas should further be quashed or a protective order issued on the basis that the testimony and documents sought, and the entities to whom they are directed, are completely untethered to the claims alleged in the instance action, thereby rendering the Subpoenas unduly burdensome. "Whether a subpoena imposes an undue burden depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed." *United States v. International Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y.1979). Subpoenas served in accordance with Fed. R. Civ. P. 45 must fall within the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1). *See* Fed. R. Civ. P. 45 Advisory Committee Notes to 1970 Amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Under Fed. R. Civ. P. 26(c), parties may obtain discovery



regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *see also U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, 593 F. App'x 32, 36 (2d Cir. 2014).

In response to a motion to quash a subpoena, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP*, No. 03-cv-5560, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) (quotation omitted).

Here, the Subpoenas fall outside of the permissible bounds of discovery. Initially, the Subpoenas are nothing more than a fishing expedition, without any defined scope or boundary. For example, and this is but one example, C&M broadly seeks virtually every document and communication in Kitsune's possession regardless of its content. (*See* ECF No. 70 at 12, Request No. 42.) Worse still, C&M's counsel refuses to address the obvious defects with it Subpoenas, imposing upon IBE the burden of filing this application, rather than, as would have been expected under the circumstances, having an informed discussion with counsel regarding the Subpoenas.

Viewed in the totality of the circumstances presented, including most obviously the Court's recent rulings on these very same issues less than a month ago (ECF No. 60), C&M's conduct here can only credibly be understood to be abusive. It is for this reason, as well as those set forth in Rule 37(a)(5)(A) that this Court "**must**, … require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A).

We thank the Court for its continued attention to this matter.

                Respectfully submitted,
                MANDELBAUM SALSBURG
                A Professional Corporation

                Joel G. MacMull

cc: All Counsel of Record (*via ECF only*)

The application is denied without prejudice. Many of the requests appear appropriately tailored to relevant subject matter. Some of the requests appear overbroad. The parties must meet and confer live about the scope of the subpoena requests. Further, regardless of the corporate or business relationship between Kitsune and IBE, Kitsune is obligated to produce documents within its possession, custody, or control that concern IBE (and that are otherwise relevant, responsive, non-privileged).

SO ORDERED:

_____  6/3/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE