```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COVET & MANE, LLC,                          :
                                            :          21-CV-7740 (JPC) (RWL)
                          Plaintiff,        :
                                            :
          - against -                       :          **ORDER**
                                            :
INVISIBLE BEAD EXTENSIONS, et al.,          :
                                            :
                          Defendants.       :
-----------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On March 23, 2023, this Court issued an order (the "March 23" Order) granting

Plaintiff's motion to amend to add claims regarding certain patents and parties (the "New

Claims").[1]  (Dkt. 175.)   Plaintiff filed its Second Amended Complaint on April 3, 2023.

(Dkt. 179.)  On April 11, 2023, Defendant filed a letter requesting a stay of discovery into

the New Claims.  (Dkt. 187; *see also* Dkt. 191.)  I denied that request on April 28, 2023

(the "April 28 Order").  (Dkt. 194.)

On May 1, 2023, Defendant filed a letter requesting reconsideration of that decision

– denying a discovery stay – based on a "Revised Covenant" not to sue.  (Dkt. 196.)  That

Revised Covenant was ***not*** previously before the Court.  To the contrary, Defendant only

presented the Revised Covenant ***after*** I issued the March 23 Order, which found that a

covenant not to sue previously proposed by Defendant (the "Previous Covenant") was

not sufficient to moot Plaintiff's patent claims.[2]

---

[1] The Court issued a combined Order with Report and Recommendation.  The Order
addressed the proposed amended claims for which the Court granted leave.  The Report
and Recommendation addressed an additional proposed amended claim for product
disparagement for which the Court recommended denying leave based on futility.

[2] Indeed, Defendant appears to have engaged in a bit of gamesmanship.  In briefing its

Defendant states that it "submitted its Revised Covenant pursuant to 28 U.S.C. § 636(b)(1)(C), which expressly provides that a district judge 'may also receive further evidence' into the record when considering objections to a Magistrate Judge's report and recommendation."   (Dkt. 196 at 3.)   As explained above in footnote 1, however, this Court's ruling on the motion for leave to amend to add the new patent claims was issued as an Order, not a Report and Recommendation.   Although the District Judge may still consider Defendant's objections to the Order, the Revised Covenant is not properly before the District Judge.

The parties dispute whether the Revised Covenant is sufficient to moot the controversy concerning the new patent claims.   (The Revised Covenant does not address the new parties.)   Whether it does or does not must be considered in a different procedural posture.   More specifically, Defendant will need to proceed by motion to dismiss.   If Defendant chooses to proceed with such motion, the motion must be filed by May 23, 2023.   Plaintiff's opposition must be filed by June 6, 2023.   Defendant's reply, if any, must be filed by June 13, 2023.

Defendant's request for reconsideration regarding the stay of discovery is DENIED.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

---

motion to amend, Plaintiff described shortcomings of the Previous Covenant, yet Defendant did not propose revising it in response.  Instead, Defendant waited to see if it might obtain a favorable decision, and proposed the Revised Covenant only after coming out on the losing end.

Dated: May 8, 2023
       New York, New York