USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COVET & MANE, LLC,

                    Plaintiff,

   - against -

INVISIBLE BEAD EXTENSIONS, et al.,

                    Defendants.
-----------------------------------------------------------------X

21-CV-7740 (JPC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    This order resolves the parties' dueling letter motions contending that the 30(b)(6) witness produced by the other party was inadequately prepared or otherwise did not meet the qualifications of a corporate representative designated to testify about that party's production of documents. *See* Dkts. 228, 237, 238. The Court has reviewed the parties' letters, their exhibits, and the deposition testimony submitted. Both letter motions are DENIED in their entirety.

    The witness, Ms. Wooden, produced on behalf of Plaintiff was well-prepared and knowledgeable about the efforts undertaken by Plaintiff and the completeness of the Plaintiff's production. Whether or not she was familiar with the content of particular documents or reviewed the Smith Affidavit is irrelevant. The entirety of Ms. Wooden's deposition transcript shows that Plaintiff fulfilled its obligations.

    The only item of concern to the Court is Plaintiff counsel's direction not to answer questions about emails that accompanied transmission of supplier NDAs. At times Plaintiff has suggested there are no such emails or that they are subject to attorney-client or work product protection. If such emails exist and Plaintiff contends they are protected,

then Plaintiff must list those documents on a privilege log. Otherwise, by June 30, 2023, Plaintiff shall produce all such NDA emails or shall provide a sworn statement that there are no such documents.

As for Defendant, the Court acknowledges that Defendant took an unconventional route for selecting a 30(b)(6) witness: it retained a lawyer and admitted "professional witness," Marc J. Randazza, who knew nothing about Defendant until retained by defense counsel just a week before being deposed to serve as its 30b6 witness in this case. Nevertheless, a 30(b)(6) witness need not be an employee or officer of the entity on behalf of which they testify but must be sufficiently prepared to testify knowledgeably. Based on the limited deposition testimony submitted by Plaintiff, and the preparation described by the witness as reflected in that testimony, Defendant met its obligations.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 22, 2023
      New York, New York