UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                      :
COVET & MANE, LLC,                                    :
                                                      :
                              Plaintiff,              :
                                                      :          21 Civ. 7740 (JPC) (RWL)
              -v-                                      :
                                                      :          OPINION AND ORDER
                                                      :
INVISIBLE BEAD EXTENSIONS, LLC *et al.*,               :
                                                      :
                              Defendants.             :
                                                      :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Covet & Mane, LLC ("C&M") brought this action seeking declaratory and monetary relief and challenging the validity of various intellectual property rights held by Defendant Invisible Bead Extensions, LLC ("IBE"), all of which concern hair extensions, or "hair wefts." To wit, C&M seeks (1) a declaration of noninfringement, (2) cancellation of IBE's intellectual property, and (3) money damages under the Sherman and Clayton Acts as well as state law for IBE's allegedly anticompetitive and fraudulent conduct. On March 23, 2023, the Honorable Robert W. Lehrburger, to whom this case has been referred for general pretrial supervision, issued a joint Order and Decision and Report and Recommendation, granting in part and recommending denying in part C&M's motion for leave to file the Second Amended Complaint. *See* Dkt. 175 (the "Decision"). The Decision permitted C&M to add eight additional claims—three concerning a trademark obtained by IBE in February 2021 and five based on a patent issued to IBE in August 2022—as well as three additional defendants: McKenzie Turley ("Turley"), Kitsune Hair Co., LLC ("Kitsune"), and Cassadi Currier ("Currier"). The Decision

also recommended that the undersigned deny C&M's request to add a product and brand disparagement claim.

Before the Court are IBE's objections to the Decision.  IBE argues that C&M's patent claims are mooted by a covenant not to sue and that C&M has failed to satisfy the heightened standard under Federal Rule of Civil Procedure 16(b) for permitting amendment after expiration of the deadline in the Court's scheduling order.  For the reasons discussed, the objections are overruled.

## I.  Background

### A.    Facts[1]

This case is about hair extensions, or "hair wefts."  "A hair weft is a collection of hair strands that are affixed to a thread or other linear material . . . . [and] attached to a person's natural hair to add volume and/or extend length to a person's real hair."  SAC ¶ 13.  As alleged by C&M, "[h]air extensions, but especially extensions that are sewn into a person's natural hair, are common and central to the black community," dating "back to their West African heritage where this practice is still used."  *Id.* ¶ 14.

C&M's founder, Dafina Smith, was taught how to do hair extensions by her sisters and friends when she was growing up.  *Id.* ¶ 15.  Her process is to "separate the natural hair into sections and attach a bead to each section."  *Id.* ¶¶ 15, 22.  She then "attach[es] the weft of hair by

---

[1] The following facts are drawn from the Second Amended Complaint, Dkt. 179 ("SAC"), which was filed on April 3, 2023 following the Decision.  These facts are assumed as true for the purposes of this Opinion and Order.  *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiff's favor"); *Red Rock Sourcing LLC v. JGX, LLC*, No. 21 Civ. 1054 (JPC), 2023 WL 3736442, at *1 n.1 (S.D.N.Y. May 31, 2023) (same, in the context of a motion to amend).

sewing the weft above, below, and/or around the bead . . . with common sewing stitches. *Id.* ¶ 15. These beads are "hidden under the added hair wefts" and are commonly known as "invisible beads—not because they are physically invisible but because they are used in a way that creates seamless blending, which renders them invisible." *Id.* ¶¶ 22, 35. Smith's process is the same process that has been commonly used in the black community for decades. *Id.* ¶ 35. She grew up working at her family's beauty supply store in Minneapolis, before developing an ecommerce division called "Sunny's Hair Institute," which offered "education classes on various hair techniques including how to apply hair extensions to human hair." *Id.* ¶¶ 19-21. She also blogged about her hair extension application technique in 2010 and created a video class demonstrating the technique, which was promoted on YouTube in 2012. *Id.* ¶¶ 23-28.

Smith founded C&M in January 2019 "to manufacture and sell luxury hair extensions." *Id.* ¶ 30. She used her knowledge acquired from working for her family "to design, develop, and create[] her own line of luxury hair extensions. In particular, Smith developed a proprietary cut-point hair weft that is made from human hair and hand-tied by artisans into Smith's specially-created cut-point weft design." *Id.* ¶ 31. Those wefts are then bound together with nylon threads using a series of knots as secured points and are "designed to be thin so that they lie flat on a person's head and the hair extensions blend seamlessly with a person's natural hair." *Id.* ¶ 32. The hair wefts can then be dyed a variety of colors based on the customers' preferences. *Id.* ¶ 33.

C&M first began selling its hair wefts in July 2019 "to leading, high-end stylists and salons." *Id.* ¶¶ 31, 36. It also began offering education on how to apply and maintain the hair wefts. *Id.* ¶¶ 44, 46-47. Smith further created the "Covet & Mane Education Guide" in 2021, and has expressed plans to offer "limited educational sessions for popular stylists that purchase[] Covet & Mane extensions," including potentially at an exposition in New York City. *Id.* ¶¶ 48-49. Smith

also formed the "Covet & Mane Academy" "to bring hair extension education to [a] market for a much wider range of consumers." *Id.* ¶¶ 51-52.

Meanwhile, IBE was formed as a cosmetology business in December 2019. *Id.* ¶¶ 53-55. Turley is the founder of IBE, and she jointly owns the company with her husband, Tyler Turley. *Id.* ¶¶ 57-58. IBE "offers training services to stylists that teaches them how to apply hair extension wefts with beads, threads and clips, referred to as the "IBE Method." *Id.* ¶¶ 60, 69. Turley posts video classes of herself demonstrating the techniques. *Id.* ¶ 74. She then comments on submissions of her students' work using a chat function. *Id.* At the end of the course, students can obtain a "certification." *Id.* ¶ 75. C&M alleges that the IBE Method simply entails "sectioning natural hair, attaching the beads to the natural hair, sewing hair extensions to the natural hair by sewing around the beads, and then hiding the beads under the wefts," *id.* ¶ 70, which technique was, at the time of Turley's claimed invention, "well-known in the hair extension industry," *id.* ¶ 72.

Smith reached out to Turley, who had used C&M hair wefts in her classes and tagged C&M on Instagram. *Id.* ¶¶ 81-83. In July 2019, Turley proposed that IBE and C&M enter into a partnership whereby "stylists would [enroll in] IBE education to get access to C&M's high-quali[t]y hair extensions." *Id.* ¶ 83. Turley also asked Smith to create "a special set of C&M's proprietary cut-point hair wefts" for use during a training course that Smith intended to film and later promoted on social media. *Id.* ¶ 88. Smith understood IBE hoped to capitalize on the popularity of C&M's hair extensions to attract students. *Id.* ¶ 84. After C&M agreed to the partnership, *id.* ¶ 87, Smith began creating the "customized line of hair extensions for IBE and training kits for IBE's stylists," *id.* ¶ 90. C&M also "shared confidential business information with IBE [and] educated IBE about luxury hair wefts including, but not limited to, pricing, color,"

design, manufacturing, and business model. *Id.* ¶ 96; *see also id.* ¶¶ 97-98 (listing specific information that C&M provided to IBE "in reasonable reliance upon Ms. Turley's" purported desire to enter into a partnership).

C&M alleges, however, that Turley's representations were false, and that IBE "[i]n fact . . . had no interest in the long-term partnership." *Id.* ¶ 84. Instead, Turley began working with Currier to "manufactur[e] a copycat line of hair wefts for Kitsune, *id.* ¶ 106, a company that was founded and is owned by Turley and Currier, *id.* ¶ 8. The purpose of establishing the "copycat line of hair wefts" through Kitsune was to sell those products "to customers that had been purchasing C&M hair wefts." *Id.* ¶ 106. To do so, Turley shared with Currier confidential information that she had learned from Smith to use in their own line of hair wefts. *Id.* ¶ 110. For example, Currier and Turley sought out and began using the same factory in China that C&M uses to manufacture their hair wefts and began copying C&M's design, color, and distribution schedule. *Id.* ¶¶ 115-124. IBE also filed a patent application for Turley's hair extension method as well as applications to trademark the terms "Invisible Bead Extensions" and "IBE." *Id.* ¶¶ 100-101, 145.

On July 9, 2020, Turley emailed Smith to cancel the C&M-IBE partnership and inform her that IBE decided to sell its own line of hair wefts instead. *Id.* ¶¶ 105-107. The United States Patent and Trademark Office ("USPTO") subsequently issued two registered trademarks to IBE for "INVISIBLE BEAD EXTENSIONS" in August 2020 (the "'743 Trademark") and for "IBE" on February 9, 2021 (the "'446 Trademark"). *Id.* ¶¶ 176, 188-189. On August 26, 2021, IBE sent C&M a cease-and-desist letter stating that C&M was infringing on IBE's intellectual property (*i.e.*, its trademarks for "Invisible Bead Extensions" and "IBE" and its patent application for its Invisible Bead Extensions method) and threatening legal action. *Id.* ¶¶ 197-200. One year later, on August 23, 2022, the USPTO granted IBE's patent application. *Id.* ¶ 148; Dkt. 108-1 ("'376 Patent").

**B.      Procedural History**

C&M initiated this action on September 15, 2021, seeking, among other things, a declaration of noninfringement and cancellation of IBE's various intellectual property registrations.  Dkt. 1.  IBE answered and asserted counterclaims for breach of contract, trademark infringement, and unfair competition on November 16, 2021.  Dkt. 16.  On December 21, 2021, the Court issued a Civil Case Management Plan and Scheduling Order, setting, among other deadlines, January 20, 2022 as the deadline by which the parties could amend their pleadings.  Dkt. 24 ("CMP") ¶ 4.  C&M filed an amended complaint on January 10, 2022, Dkt. 30, and IBE filed an amended answer on January 28, 2022, Dkt. 38.[2]

On September 28, 2022—just over a month before fact discovery was set to close on October 31, 2022—C&M moved to file the Second Amended Complaint, seeking to add three categories of claims:  (1) claims challenging the '376 Patent, (2) claims challenging the '446 Trademark, and (3) one claim for product and brand disparagement, and further seeking to add three new defendants, Turley, Kitsune, and Currier.  Dkt. 128.  On March 23, 2023, Judge Lehrburger issued the Decision granting the motion in part.

The Decision begins by recognizing that

> [t]here is some debate in this Circuit whether a motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling should issue as a Report and Recommendation, subject to de novo review, or as a Decision and Order, subject to review for clear error.  The Second Circuit has referred to a motion to amend a complaint as a non-dispositive matter but has not explicitly decided so.  Courts in this circuit generally treat motions to amend as non-dispositive pre-trial motions, although some courts have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive.  In this instance, the Court issues its decision as a decision and order insofar as it

---

[2] On April 20, 2022, this case was referred to Judge Lehrburger for general pretrial supervision.  Dkt. 53.

> grants the motion to amend, and with a report and recommendation to deny leave
> to amend to add the product disparagement claim due to futility.

Decision at 2 n.1 (internal quotation marks and citations omitted).  In addition, in setting forth the

applicable law, Judge Lehrburger held that C&M's motion was governed by Rule 16(b)'s stricter

"good cause" standard rather than Rule 15(a)(2)'s liberal standard, which permits the court to

"freely give leave when justice so requires," because the motion to amend was filed after the

deadline for amended pleadings in the Court's Case Management Plan and Scheduling Order.  *Id.*

at 8-10; *see* CMP ¶ 4.

Turning to the merits, Judge Lehrburger granted C&M leave to add the new defendants, its

claims challenging the '376 Patent, and its claims challenging the '446 Trademark, but

recommended denying leave to add the product and brand disparagement claim.  As to the '376

Patent, Judge Lehrburger rejected IBE's argument that subject matter jurisdiction was lacking as

to those claims in light of a covenant not to sue (the "Previous Covenant") which IBE presented

to C&M while the motion to amend was being briefed.  Decision at 11-18; *see also* Dkt. 145-2 at

2 (email presenting the Previous Covenant).[3]  Judge Lehrburger reasoned that the Previous

Covenant did not moot C&M's patent claims because it "does not reach beyond C&M to protect

C&M's customers or partners, leaving open the question of whether those stylists who[m] C&M

instructs on its methods are protected from suit and whether C&M will be exposed to claims of

---

[3] The Previous Covenant states that

IBE, on behalf of itself and any successors-in-interest to the '376 patent, hereby
releases and covenants not to sue Covet & Mane, LLC ("C&M") for infringement
of the '376 patent for past, present, or future use, sale and/or offer for sale of any
products or services, including methods employed by those products or services,
that currently exist and have been used[,] sold, and/or offered for sale by C&M as
of October 11, 2022.

Dkt. 145-2 at 2.

contributing to or inducing infringement," and because "the Covenant does not cover future products and services that C&M may seek to make and sell."  Decision at 15.  Judge Lehrburger also noted that while "IBE's counsel suggested willingness to modify the Covenant to address concerns about coverage of customers or partners," they ultimately "proceeded to equivocate" at oral argument, and so "the [Previous] Covenant remains as presented in the evidence for the instant motion."  *Id.* at 15 n.7.

As to the proposed trademark claims, Judge Lehrburger recognized that the '446 Trademark "has been included in the lawsuit from its inception," and so "C&M had all the information it needed to include the additional '446 Trademark Claims in its earlier pleadings and, therefore cannot demonstrate the diligence required to satisfy the Rule 16 standard."  *Id.* at 27.  Nevertheless, Judge Lehrburger concluded that "[t]his is a case . . . where the Court should exercise its discretion to permit amendment."  *Id.*  Judge Lehrburger reasoned that "there is no prejudice, discovery has been had on the matter, the amendments merely add express claims for additional legal theories and relief that parallel those already asserted to a related trademark, and do so without the addition of new facts," and that "[f]orcing C&M to seek relief [for its two trademarks] in separate actions" would be "illogical and unnecessarily duplicative."  *Id.* at 31.

C&M filed the Second Amended Complaint on April 3, 2023.  IBE timely objected to the Decision on April 21, 2023.  Dkt. 190 ("Objections"); *see also* Dkts. 184, 186 (granting requests for extension of time to object to the Decision).  IBE objected only to the non-dispositive portions of the Decision.  It argued that Judge Lehrburger's ruling permitting addition of the '446 Trademark claims was clearly erroneous because it disregarded the diligence standard under Rule 16(b), Objections at 4-7, and that Judge Lehrburger's ruling permitting the '347 Patent claims was clearly erroneous because IBE had since revised its covenant, which was now broader, *id.* at 7-11.

IBE's "Revised Covenant," which it attached for the first time to its Objections, states in relevant part that

> IBE, on behalf of itself and any successors-in-interest, hereby releases and covenants not to sue Covet & Mane, LLC ("C&M") and its customers, partners, suppliers, distributors, and those otherwise in privity with C&M, for infringement, contributing to infringement, or inducing infringement of the IBE Patents for the past, present, or future use, sale, and/or for sale of any products or educational services, including methods employed by those products or services, that have been used, sold, or offered for sale by C&M, or for which C&M has undertaken meaningful preparation or otherwise engages in or has sufficiently concrete plans to develop new or updated technology . . . as of April 1, 2023.

Dkt. 190-2 at 1-2 (the "Revised Covenant"). C&M opposed the Objections on May 8, 2023, Dkt. 202 ("Objections Opp."), and IBE filed a reply brief on May 15, 2023, Dkt. 211 ("Objections Reply").

Also on May 8, 2023, Judge Lehrburger issued an Order noting that the "Revised Covenant was not previously before the Court" on C&M's motion to amend, and that IBE "only presented the Revised Covenant after [Judge Lehrburger] issued the March 23 Order." Dkt. 201 ("May 8, 2023 Order") at 1. Indeed, Judge Lehrburger noted that while "Defendant states that it submitted its Revised Covenant pursuant to 28 U.S.C. § 636(b)(1)(C), which expressly provides that a district judge may also receive further evidence into the record when considering objections to a Magistrate Judge's report and recommendation[,] . . . this Court's ruling on the motion for leave to amend to add the new patent claims was issued as an Order, not a Report and Recommendation" and so "the Revised Covenant is not properly before the District Judge." *Id.* at 2 (internal quotation marks omitted). As such, Judge Lehrburger noted that if IBE wishes to argue that "the Revised

Covenant is sufficient to moot the controversy concerning the new patent claims," it would need to file a motion to dismiss, and further set a briefing schedule for such motion.  *Id.*[4]

## II.  Standard of Review[5]

The Court first considers what standard of review to apply to the Decisions and IBE's Objections.  IBE initially argued that clear error applied to its Objections to the Decision, in apparent recognition that it only objected to the non-dispositive portions of the Decision. Objections at 1 n.1, 3-4.  C&M, however, somewhat confusingly stated in its Opposition that "the Court must make a *de novo* determination as to the portions of the Magistrate Order and Report to which objections are made."  Objections Opp. at 8.  Capitalizing on this apparent concession, IBE changed its tune in its Reply, this time urging the Court to review its Objections *de novo*.  *See*

---

[4] In accordance with that schedule, IBE moved to dismiss on May 23, 2023.  Dkt. 219. Currier then separately moved to dismiss on August 11, 2023.  Dkt. 266.  The Court will address those motions in a forthcoming opinion.

[5] As noted, the Second Amended Complaint includes claims challenging the validity of IBE's federally registered patents.  *See* SAC ¶¶ 274-310.  Given that "'patent law is a necessary element of one of the well-pleaded claims' in the complaint," the law on the patent claims would be governed by Federal Circuit precedent, with any appeal likely to the Federal Circuit.  *Allergan, Inc. v. Athena Cosmetics, Inc.*, 738 F.3d 1350, 1354 (Fed. Cir. 2013) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988)); *see also Raytheon Co. v. Indigo Sys. Corp.*, 895 F.3d 1333, 1339 (Fed. Cir. 2018) ("Where a patent claim is joined with a [non-patent]-law claim in the complaint, we have jurisdiction over the entire appeal of the final judgment even where, as here, the patent claims have been dismissed with prejudice.").  However, even where it retains jurisdiction to hear an appeal, the Federal Circuit applies "the law of the regional circuit on non-patent issues."  *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1304 (Fed. Cir. 2009). Accordingly, this Court applies Second Circuit law on all issues except to the extent IBE's Objections implicate substantive patent law.  *Compare Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1317 (Fed. Cir. 2009) (noting that "a motion to amend a pleading . . . is a procedural matter governed by the law of the regional circuit"), *with Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1336 (Fed. Cir. 2007) (applying Federal Circuit law to "[t]he determination of whether an actual controversy exists under the Declaratory Judgment Act in a patent case"); *Godinger Silver Art Ltd. v. Hirschkorn*, 433 F. Supp. 3d 417, 424 n.5 (E.D.N.Y. 2019) ("[D]istrict courts have universally applied Federal Circuit law in patent cases in order to determine whether a court retains subject matter jurisdiction in the face of a covenant by the plaintiff not to sue." (brackets in original) (quoting *In re Rivastigmine Patent Litig. (MDL No. 1661)*, No. 05 MD. 1661 (HB) (JCF), 2007 WL 1154000, at *2 (S.D.N.Y. Apr. 19, 2007)).

Objections Reply at 2 ("Plaintiff acknowledges that this Court should review Magistrate Judge Lehrburger's Report pursuant to a non-deferential, *de novo* standard.  In this respect, Plaintiff ostensibly recognizes that in those instances in which a Magistrate Judge issues a report and recommendation, both federal statute and the Federal Rules of Civil Procedure require the presiding district judge to provide *de novo* review." (internal quotation marks and citation omitted)).

Typically, when a party objects to a non-dispositive order of a magistrate judge, the district court may only set the order aside if it "is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Collens v. City of New York*, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (internal quotation marks omitted).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.* (internal quotation marks omitted).  The reviewing court may not reverse the order absent clear error, even if it would have reached a different conclusion upon consideration in the first instance. *See Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019).

By contrast, when a magistrate judge issues a report and recommendation on a dispositive motion, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general."  *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (internal quotation marks and citations omitted).  "Parties may neither regurgitate the original briefs to the magistrate

11

judge nor raise new arguments not raised to the magistrate judge in the first instance." *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).   In addition, a district court also reviews for clear error those parts of a report and recommendation to which no party has filed proper or timely objections.   28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

The appropriate standard of review applicable to a magistrate judge's ruling therefore hinges on whether the ruling was dispositive or nondispositive.   *Emergency Physicians Servs. of N.Y. v. UnitedHealth Grp., Inc.*, No. 20 Civ. 9183 (JGK), 2023 WL 1106154, at *2 (S.D.N.Y. Jan. 28, 2023).   But as Judge Lehrburger recognized, "[t]here is some debate in this Circuit whether a motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling should issue as a Report and Recommendation, subject to de novo review, or as a Decision and Order, subject to review for clear error."   Decision at 2 n.1.   While the Second Circuit has suggested in dicta and non-precedential opinions that a motion to amend is non-dispositive, it has yet to explicitly hold so.   *See id.* (collecting cases).   Thus, lower courts within this Circuit have taken two approaches when deciding motions to amend: some treat the motion as wholly nondispositive, reviewable only for clear error, *see, e.g.*, *Palmer v. Monroe Cnty. Sheriff*, 378 F. Supp. 2d 284, 289 (W.D.N.Y. 2005) ("[T]he weight of authority within this Circuit classifies a motion to amend a complaint as a non-dispositive pre-trial motion"); others treat the motion as dispositive if denying and nondispositive if granting, *see, e.g.*, *Portelos v. City of New York*, No. 12 Civ. 3141 (RRM) (VMS), 2015 WL 5475494, at *1 (E.D.N.Y. Sept. 15, 2015) ("[D]istrict

courts in this circuit have generally found that denial of a motion to amend is dispositive, whereas granting a motion to amend is non-dispositive.").

Consistent with the second approach, Judge Lehrburger styled the Decision "as a decision and order insofar as it grants the motion to amend," and as "a report and recommendation to deny leave to amend to add the product disparagement claim due to futility."  Decision at 2 n.1; *see also* May 8, 2023 Order at 1-2 & n.1 (noting the bifurcated structure of the Decision).  Because IBE only objects to the *non-dispositive* "Decision and Order" portions of the Decision, the Court reviews those portions solely for clear error.  *See, e.g.*, *Mohr v. United Cement Mason's Union Local 780*, No. 15 Civ. 4581 (AMD) (CP), 2017 WL 1187690, at \*1 (E.D.N.Y. Mar. 30, 2017) ("I review Judge Pollak's decision to dismiss the plaintiff's claims de novo and review the remaining claims for clear error.").   In addition, because neither party objected to the report and recommendation portion of the Decision, which recommended denial of leave to add the product and brand disparagement claim, the Court need only review that portion of the Decision for clear error.

### III.  Discussion

IBE objects to Judge Lehrburger's Decision permitting C&M to add claims challenging the '347 Patent and the '446 Trademark.  The Court addresses each in turn.

### A.    '347 Patent Claims

As noted above, in permitting C&M to add claims challenging the '347 Patent, Judge Lehrburger rejected IBE's argument that its covenant not to sue eliminated subject matter jurisdiction over those claims.  Decision at 14-18.  Judge Lehrburger reasoned that the Previous Covenant "d[id] not reach beyond C&M to protect C&M's customers or partners, leaving open the question of whether those stylists who C&M instructs on its methods are protected from suit

13

and whether C&M will be exposed to claims of contributing to or inducing infringement," and that the Previous Covenant "d[id] not cover future products and services that C&M may seek to make and sell." *Id.* at 15.  On the latter point, Judge Lehrburger emphasized that C&M has "'indicate[d] that it engages in or has sufficiently concrete plans to engage in activities not covered by the covenant,'" pointing to the "C&M Education Guide," C&M's "The Experience" education program, and "two corporate entities [established by C&M] to bring hair extension education to market" as evidence of "C&M's significant and concrete preparatory activities," and "meaningful preparation." *Id.* at 16-17 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 94 (2013)).

IBE argues that this conclusion was plain error because it "neglects fundamental principles of prudential standing for claims of patent invalidity and unenforceability, elides the fatal absence of a clear threat by IBE that it did, or ever intends to, assert a patent claim against C&M and divines such an 'expression' from unilateral, self-serving testimony and communications."  Objections at 7.  The Court disagrees that any plain error was committed.  In determining "whether a covenant not to sue eliminates a justiciable case or controversy in a declaratory judgment action," the Second Circuit, like the Federal Circuit, has directed that courts should consider, among other things, "whether the covenant covers future, as well as past activity and products" as well as "evidence of intention or lack of intention, on the part of the party asserting jurisdiction, to engage in new activity or to develop new potentially infringing products that arguably are not covered by the covenant." *Nike, Inc. v. Already LLC*, 663 F.3d 89, 96 (2d Cir. 2011), *aff'd*, 568 U.S. 85 (2013); *see also Already*, 568 U.S. at 93-95 (considering whether the covenant not to sue was "unconditional and irrevocable," whether it "reaches beyond [the recipient of the covenant] to protect [the recipient's] distributors and customers," and whether "it covers not just current or previous designs, but any colorable imitations"); *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871,

880 (Fed. Cir. 2008) ("[T]he issue of whether there has been meaningful preparation to conduct potentially infringing activity remains an important element in the totality of circumstances which must be considered in determining whether a declaratory judgment is appropriate.  If a declaratory judgment plaintiff has not taken significant, concrete steps to conduct infringing activity, the dispute is neither 'immediate' not 'real' and the requirements for justiciability have not been met." (internal citation omitted)).   In accordance with this precedent, Judge Lehrburger properly considered, among other things, whether the Previous Covenant covered future infringement (and concluded that it did not), and whether C&M had sufficiently concrete plans to engage in future potentially infringing conduct (and concluded that it did).  Because Judge Lehrburger considered the relevant factors in determining that the Previous Covenant did not eliminate subject matter jurisdiction, he did not commit any clear error.

Further, any objections to Judge Lehrburger's ruling as to the Previous Covenant are now mooted by the Revised Covenant.  The Revised Covenant adds language that IBE "covenants not to sue Covet & Mane, LLC . . . *and its customers, partners, suppliers, distributors, and those otherwise in privity with C&M*" for infringement based on "products or services, that have been used, sold, or offered for sale by C&M, *or for which C&M has undertaken meaningful preparation or otherwise engages in or has sufficiently concrete plans to develop* new or updated technology . . . as of April 1, 2023." Revised Covenant at 1-2 (emphasis added).  This language appears to respond directly to Judge Lehrburger's Decision.  *See* Objections at 9 ("[T]he Revised Covenant expressly addresses and remedies those concerns identified in the Report that the Magistrate Judge determined rendered the [Previous] Covenant insufficient to extinguish the controversy.").  Because the Revised Covenant is clearly broader in scope than the Previous Contract and was presented to C&M after IBE presented the Previous Covenant, the Revised

15

Covenant controls, and the Court need no longer consider whether the Previous Covenant moots C&M's patent claims.

That said, IBE has presented no compelling justification for why this Court should consider new evidence not presented before Judge Lehrburger in reviewing its Objections to the Decision. *Cf. N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018) ("'Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation' absent a compelling justification for failure to present such evidence to the magistrate judge." (quoting *Azkour v. Little Rest Twelve, Inc.*, No. 10 Civ. 4132 (RJS) (KNF), 2012 WL 1023730, at *2 (S.D.N.Y. Mar. 27, 2012))).  In fact, as Judge Lehrburger noted in a subsequent Order concerning the Revised Covenant, IBE "appears to have engaged in a bit of gamesmanship.  In briefing its motion to amend, Plaintiff described shortcomings of the Previous Covenant, yet Defendant did not propose revising it in response.  Instead, Defendant waited to see if it might obtain a favorable decision, and proposed the Revised Covenant only after coming out on the losing end."  May 8, 2023 Order at 1-2 n.2.  Accordingly, Judge Lehrburger correctly noted that the Revised Covenant is not before this Court, that any objections to the Decision based on that Revised Covenant are improper, and that if IBE intends to rely on the Revised Covenant, it should move to dismiss (which it since has done).  *Id.*  As such, the Court agrees with Judge Lehrburger's May 8, 2023 Order and will not consider the Revised Covenant in the context of the motion to amend, but will consider it when resolving the motion to dismiss in due course.

Accordingly, IBE's Objections to the portion of the Decision concluding that the Previous Covenant did not extinguish the Court's subject matter jurisdiction over C&M patent claims are overruled.

## B.    '446 Trademark Claims

In permitting C&M to add its '446 Trademark claims, Judge Lehrburger agreed with IBE that C&M failed to demonstrate diligence.  *See* Decision at 27-28 (noting that "[t]he '446 Trademark has been included in the lawsuit from its inception," and that "C&M's initial Complaint asserted allegations about the '446 Trademark" and included the '446 Trademark in its request for declaratory relief).  This lack of diligence notwithstanding, Judge Lehrburger concluded that "[t]his is a case . . . where the Court should exercise its discretion to permit amendment."  *Id.* at 27.  Judge Lehrburger noted that "IBE does not suggest that futility, prejudice, or bad faith warrant prohibiting the addition of the '446 Trademark Claims, and the Court finds none"; that "[t]he '446 Trademark Claims do not add any new facts and do not appear to require new or more extensive discovery that could prolong the proceedings and prejudice IBE"; and that C&M would be free to file a separate lawsuit concerning the '446 Trademark, and so "there will be efficiencies achieved in having the amended claims included in this litigation."  *Id.* at 29-30.  This led Judge Lehrburger to conclude that it would be "unfair and unjust in the circumstances of this case – where there is no prejudice, discovery has been had on the matter, the amendments merely add express claims for additional legal theories and relief that parallel those already asserted to a related trademark, and do so without the addition of new facts – to visit on the client what likely was oversight by its attorneys."[6]  *Id.* at 31.

---

[6] IBE makes much of this line in its Objections, claiming that Judge Lehrburger "ignore[d]" Supreme Court precedent which "holds that an individual is bound by 'by the acts of [their] lawyer-agent.'"  Objections at 5 (brackets in original) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).  This specific objection is overruled: the Court interprets Judge Lehrburger's language as in no way suggesting that a client is not bound by the actions of their attorney.  Judge Lehrburger's Decision was based primarily on a lack of prejudice to IBE, which was not clear error.

IBE objects to this portion of the Decision, arguing that it is "premised upon the incorrect assumption that a court may, upon a balance of the equities, excuse counsel's conduct, [and] assign[] no consequences whatsoever to that conduct and overlook[] that the burden is on the movant to establish diligence under Rule 16(b)."  Objections Reply at 5; *see also* Objections at 12-13 (arguing that amendment was inappropriate because, *inter alia*, C&M has already amended its complaint once, and because the case has been pending for approximately eighteen months, as of the date of the Objections).  These Objections are overruled: Judge Lehrburger did not clearly err in balancing C&M's lack of diligence with the lack of prejudice to IBE.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once without leave of court "within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Amending a pleading after that deadline requires either the opposing party's written consent or leave of court.  *See* Fed. R. Civ. P. 15(a)(2).  A district court must "freely give leave [to amend] when justice so requires."  *Id.* Under this liberal standard, a motion to amend is generally denied only if the moving party has unduly delayed or acted in bad faith or with a dilatory motive, the opposing party will be unfairly prejudiced if leave is granted, the proposed amendment is futile, or if prior amendments have repeatedly failed to cure pleading deficiencies.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Rule 16(b), however, requires a plaintiff to make "a heightened showing when leave to amend a complaint would require modification of a court's scheduling order."  *Cepeda v. United States*, No. 19 Civ. 5967 (JPC), 2021 WL 465409, at *4 (S.D.N.Y. Feb. 9, 2021).  Rule 16(b)(3)(A) requires the court's scheduling order to "limit the time to join other parties, amend the pleadings,

complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).  Such a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The Second Circuit has explained that Rule 16(b) was "designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (citation omitted).

Thus, "[t]he period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted.  It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up[on] a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021); *see also DeCastro v. City of New York*, No. 16 Civ. 3850 (RA), 2020 WL 4932778, at *6 (S.D.N.Y. Aug. 24, 2020) (explaining that when a plaintiff seeks to amend a complaint after expiration of a deadline to do so, "'the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order' may be modified only for 'good cause'" (quoting *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009))).  The burden of demonstrating diligence in seeking extension of the deadlines set in the scheduling order falls on the moving party.  *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014).  And "the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Diligence, however, "is not . . . the only consideration." *Id.*  Rather, "[t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Id.*  Thus, while some courts in this Circuit have held that "[t]he standards

of Rule 16(b) must be met first and cannot be short-circuited by an appeal to those of Rule 15," *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 Civ. 3749 (KMW) (DCF), 2009 WL 3467756, at *5 (S.D.N.Y. Oct. 28, 2009) (internal quotation marks and emphasis omitted); *see also Fresh Del Monte Produce*, 304 F.R.D. at 176 (collecting additional cases), others have held that "in appropriate circumstances, a district court has discretion to grant a motion to amend even where the moving party has not shown diligence in complying with a deadline for amendments in a Rule 16 scheduling order." *Fresh Del Monte Produce*, 304 F.R.D. at 176; *see also* Decision at 29 (collecting additional cases).  A court's discretion to balance these factors is exceedingly "broad."  *Kassner*, 496 F.3d at 244-45; *see also Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) ("Leave to amend pleadings should be freely given when justice so requires.  Nonetheless, the trial judge's discretion is broad, and its exercise depends upon many factors . . . ." (internal quotation marks, ellipsis, and citation omitted)).

While recognizing that C&M failed to demonstrate diligence, Judge Lehrburger concluded that the lack of prejudice to IBE warranted granting leave to amend.  Given the broad discretion afforded to judges in deciding motions to amend, that the Second Circuit has explicitly permitted courts to consider prejudice to the nonmovant in addition to diligence under Rule 16(b), and that courts in this Circuit have permitted amendment under Rule 16(b) despite the movant's failure to demonstrate diligence, Judge Lehrburger's conclusion was neither clearly erroneous nor contrary to law.

Accordingly, IBE's Objections to Judge Lehrburger's decision granting leave to add the '446 Trademark claims are overruled.

### C.   Product Disparagement Claim

As noted, Judge Lehrburger styled part of the Decision as a report and recommendation, recommending that the undersigned deny C&M leave to add its product and brand disparagement claim due to futility.   Decision at 31-35.   Citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), Judge Lehrburger advised the parties that they had fourteen days from service of the report and recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  *Id.* at 42.   No objections have been filed and the time for making any objections has passed.   The parties have therefore waived the right to object to the report and recommendation portion of the Decision or to obtain appellate review.   *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding the parties' waiver as to the report and recommendation, and in addition to reviewing those portions of the Decision to which IBE objected for clear error, the Court has conducted a *de novo* review of the entire Decision and finds it to be well reasoned and its conclusions well founded.   Accordingly, any remaining objections to the Decision are overruled, and the Court adopts the report and recommendation portion of the Decision in its entirety.[7]

### IV.   Conclusion

For the reasons discussed, IBE's Objections to the Decision are overruled, and the Court adopts the report and recommendation portion of the Decision in its entirety, and thus dismisses

---

[7] C&M included a claim for product and brand disparagement as the Nineteenth Claim for Relief in its Second Amended Complaint, *see* SAC ¶¶ 373-379, in contravention to the Decision's denial of leave to add such a claim.  Decision at 31-35.  Given this Court's adoption of that portion of the Decision, C&M's claim for product and brand disparagement is dismissed with prejudice.

C&M's product disparagement claim with prejudice.  The Clerk of Court is respectfully directed to close Docket Number 128.

      SO ORDERED.

Dated: September 18, 2023
      New York, New York

                                   JOHN P. CRONAN
                           United States District Judge