```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COVET & MANE, LLC,

                            Plaintiff,

     - against -

INVISIBLE BEAD EXTENSIONS, et al.,

                          Defendants.
------------------------------------------------------------X

21-CV-7740 (JPC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order addresses Plaintiff's September 20, 2023 letter filed unilaterally at Dkt. 292 in place of a joint status letter. The letter is baffling.

      First, the last status report filed by the parties was on July 28, 2023 (Dkt. 252). Under the Amended Scheduling Order (Dkt. 195), status reports are due every 90 days, just as Plaintiff's counsel acknowledges in the very first sentence of the letter. Accordingly, the next status report is due on or about October 28, 2023. Plaintiff's counsel may want to take heed of the same admonition she sharply put in an email to defense counsel on this very issue: "Keep track of your own deadlines." (Dkt. 294-4.)

      Second, Plaintiff's counsel presented her draft, essentially advocating on several issues, and warning: "We have a status report due *later today* .... Please add your section and I will be happy to file it with the Court." (Dkt. 294-1, emphasis added.) Counsel's expectation of a same-day turn-around is unacceptable, all the more so as defense counsel had raised this same concern with respect to the July 28, 2023 status report. (Dkt. 294-3.)

Third, Plaintiff's counsel misapprehends the nature of a *joint* status report. Such a report requires the parties to meet and confer and to cooperatively work on a letter. In a case of this nature, that process may take a few days at the very least. If the parties find it preferable to author their own "sections" and counter-sections, that is acceptable. But that format still requires cooperation and sufficient advance preparation by both parties. Contrary to defense counsel's own sharp comment to Plaintiff's counsel, however, there is no reason why a joint report cannot be filed on the letterhead of one of the parties. (*See* Dkt. 294-2.)

The Court previously has remonstrated the parties that they need to do better in acting professionally and courteously. Unfortunately, the Court finds itself doing so again.

The letter filed at Dkt. 292 will be treated as a nullity. The Court looks forward to the parties' next timely-filed joint report, and, if applicable, letters properly raising issues in dispute that may arise before then and that could not be resolved through the requisite meet-and-confer process.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 22, 2023
      New York, New York